**REED, Appellee,**

v.

**VERMILION LOCAL SCHOOL DISTRICT, Appellant.**

[Cite as *Reed v. Vermilion Local School Dist.* (1992), 83 Ohio App.3d 323.]

Court of Appeals of Ohio,
Erie County.

No. E–91–56.

Decided Oct. 23, 1992.

324

*Anthony Giardini,* for appellee.

*Richard Prasse* and *Andrew Paisley,* for appellant.

SHERCK, Judge.

This is an appeal from a judgment issued by the Erie County Court of Common Pleas which reversed a school district's suspension of a high school pupil who was involved in taking copies of an algebra test from his teacher's file cabinet. Because we find that the trial court did not properly apply the reviewing standards for statutory administrative appeals, we reverse.

Appellant is the Vermilion Local School District. Appellee is Brian Jacob Reed, by and through his father and next friend Larry Reed.

In April 1991, appellee was a junior at Vermilion High School, a school operated by appellant. At that time, appellee's algebra teacher noted an anomaly while grading a test. The teacher noted that the answers of appellee and four other members of his class were identical. Upon investigation, the teacher discovered that these students had been provided answers to the test by one of them who had received an advance copy.

Appellee was alleged to have participated in the theft of the exam. At a disciplinary hearing held before a neutral administrator, school officials recounted statements from witnesses who stated that when the teacher had left the room, appellee and two of the others, in full view of the rest of the class, removed a test from the teacher's file cabinet. One witness stated that appellee directly participated in the removal of the test from the file cabinet. Others, however, stated that appellee served as a lookout while the other two actually removed the test. At the hearing, appellee admitted that at the request of the others he had looked out the door. At the close of appellee's administrative hearing, the administrator made an oral finding that appellee had acted as a lookout for the others who physically took the test. All five students who had cheated on the test received a semester grade of "F" for the course. Appellee and the other two students who participated in taking the test from the classroom file cabinet received the additional penalty of a ten-day out-of-school suspension.

Appellee appealed the suspension portion of his punishment to the Erie County Court of Common Pleas pursuant to R.C. 2506.01 *et seq.* That court, upon a review of the transcript of appellee's hearing and stipulations of the parties, found the suspensions of appellee and the two others to be "unreasonable." According to the court of common pleas:

"All five students were aware that the exam was stolen and since all five students used the stolen exam to later cheat on the test when it was given, then all five students should have been given the same punishment. All of these students acted in concert; therefore, they should be equally liable for the consequences of their actions."

The court then ordered abatement of the suspensions of all three students, including those two not a party to the appeal. From this order, appellant appeals, citing a single assignment of error:

"The trial court erred as a matter of law in finding that the decision of the Vermilion Local School District to suspend plaintiff/appellee and two other students was unreasonable."

■ A court of common pleas reviewing an administrative decision pursuant to R.C. Chapter 2506 may not "blatantly substitute its judgment for that of the agency * * *." *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 202, 389 N.E.2d 1113, 1117. The reviewing court may alter an administrative decision only if it properly finds that decision "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record * * *." R.C. 2506.04.

In the instant case, appellee Reed did not challenge the constitutional propriety of the proceedings or even the factual determination of the independent administrator. Rather, appellee asserted, and the common pleas court found, that the disparate punishments meted out by the school were unreasonable. The school responds that its student discipline code treats cheating and theft separately. All five students were punished for cheating, but only three of the students, including appellee, were punished for the additional offense of theft.

■ The word "reason" may be defined as "a rational ground or motive." Webster's Ninth New Collegiate Dictionary (9 Ed.1990) 981. An act or decision is "unreasonable" when it is not governed by reason, *id.* at 1293, or is irrational. *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202, 205.

■ Appellant's disciplinary rules do, in fact, provide for separate offenses of cheating and theft. The record shows that appellee was found to have participated in both cheating and theft. For his cheating, he and the other four persons who had cheated received an "F" for the semester in algebra. For their part in the theft of the test, appellee and the two others involved were suspended for ten days. The rules and their execution with respect to this appellee are rational and reasonable. Accordingly, the court of common pleas erred in substituting its judgment for the school's judgment. Appellant's sole assignment of error is well taken.

The judgment of the Erie County Court of Common Pleas is reversed and judgment is entered in favor of appellant. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

GLASSER, P.J., and ABOOD, J., concur.