**GERSTENBERGER, Appellee,**

v.

**CITY OF MACEDONIA et al., Appellants.**

[Cite as *Gerstenberger v. Macedonia* (1994), 97 Ohio App.3d 167.]

Court of Appeals of Ohio,
Summit County.

No. 16668.

Decided Sept. 14, 1994.

*Roger K. Davidson,* for appellee.

*Joseph W. Diemert, Jr.,* Director of Law, and *Thomas M. Hanculak,* Assistant Director of Law, for appellant city of Macedonia.

*Vern Rudder,* for appellant Macedonia Civil Service Commission.

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of the city of Macedonia et al., from the order of the Summit County Court of Common Pleas vacating its termination of Henry L. Gerstenberger, chief of the city's fire department.

On March 27, 1992, the city sent Gerstenberger a notice of disciplinary charges and of a predisciplinary conference, charging him with eleven allegations of inefficiency, immoral conduct, insubordination, and failure of good behavior. The first nine charges stemmed from a finding of probable cause by the Equal

Employment Opportunity Commission ("EEOC") that Gerstenberger had sexually harassed Diane Letterle, a part-time firefighter and paramedic. The remaining two charges stemmed from Gerstenberger's failure to reinstate Letterle to the position from which he had demoted her in retaliation for her complaint against him. Pursuant to a second notice dated March 27, 1992, Gerstenberger was indefinitely suspended without pay "subject to further review."

On April 3, 1992, Gerstenberger appealed his suspension to the Macedonia Civil Service Commission ("CSC"), attaching a copy of the notice listing all eleven charges against him. In May 1992, the CSC held several hearings (collectively, the "suspension hearing") to consider his appeal. Pursuant to a temporary restraining order issued by the United States District Court for the Northern District of Ohio, Letterle did not testify at the suspension hearing. However, her deposition and the EEOC's factual determinations were available for review. On May 28, 1992, the CSC modified Gerstenberger's suspension to one hundred twenty days, stating that its finding was "based on the charge of insubordination alone." On June 26, 1992, Gerstenberger appealed the decision to the Summit County Court of Common Pleas.

During the pendency of Gerstenberger's appeal, a civil lawsuit brought by Letterle against Gerstenberger was settled, with the city's insurance company paying Letterle $100,000 on behalf of Gerstenberger. On July 20, 1992, the city sent Gerstenberger a second notice of disciplinary charges and of a predisciplinary conference, indicating its intention to terminate him and charging him with "inefficiency, immoral conduct, insubordination, and failure of good behavior" based upon:

"1. All of the factual events set forth in the notice of disciplinary charges set forth against you in my memorandum of March 27, 1992, which is incorporated herein by reference in its entirety.

"2. The adverse conclusion of the litigation filed against you by Diane Letterle.

"3. Violation of Rule VIII of the Civil Service Rules of the City of Macedonia regarding inefficiency, immoral conduct, insubordination, and failure of good behavior as are more fully set forth in the Complaint made against you by Ms. Letterle.

"4. Violation of Macedonia Codified Ordinance Section 161.08(b)(3)(A) for inefficiency, misconduct, a display of attitudes which constitute an unwholesome influence on other employees, failure to obey any reasonable order, and other actions and conduct that materially affect and impair the efficiency of the City's service, and brings the City into public disrepute, based upon the events as set

forth in the Complaint against you made by Ms. Letterle in the lawsuit filed against you and the City, and the adverse conclusion to that litigation."

On July 23, 1992, the city terminated Gerstenberger. On July 31, 1992, Gerstenberger appealed the decision to the CSC, which scheduled a hearing ("termination hearing") for August 12. Prior to the termination hearing, Gerstenberger filed a motion for injunctive relief with the Summit County Court of Common Pleas to prevent the termination hearing from going forward, and a temporary restraining order was granted.

On January 14, 1993, Gerstenberger's appeal of his temporary suspension was decided and affirmed.

On March 30, 1993, the court denied Gerstenberger's motion for injunctive relief with respect to the termination hearing, and in May and June 1993, the CSC conducted the termination hearing. Letterle testified in person. On June 28, 1993, the CSC decided that Gerstenberger's conduct violated Rule VIII of the Civil Service Rules and Regulations of the city of Macedonia and affirmed the city's termination of him as fire chief.

On July 26, 1993, Gerstenberger appealed his termination to the Summit County Court of Common Pleas, which vacated the termination pursuant to R.C. 2506.04 and ordered reinstatement. The court found that Gerstenberger had committed no improper acts after March 27, 1992, the date of his temporary suspension, and any further action against him was barred by the doctrine of *res judicata*. The city appeals, citing one assignment of error:

"I. The common pleas court erred in determining that Gerstenberger's termination was barred by the doctrine of res judicata.

"A. Res Judicata Cannot Bar Gerstenberger's Termination Because the Two (2) Civil Service Hearings Involved Separate Issues.

"B. Collateral Estoppel Does Not Apply Because, In the Absence of Diane Letterle's Testimony at the First Hearing, the City Did Not Have a Full and Fair Opportunity to Present the Sexual Harassment Allegations, and No Final Judgment Was Made Concerning the Sexual Harassment Charges.

"C. Evidence Concerning the Settlement of the Federal Suit Against Gerstenberger was Relevant to Gerstenberger's Termination and Constituted New Evidence Which Did Not Exist at the Time of the Suspension Hearing.

"D. Res Judicata is an Equitable Doctrine Which Should Not be Applied Rigidly So As to Create a Manifest Injustice."

 In a proceeding pursuant to R.C. Chapter 2506, a reviewing court must determine whether there exists a preponderance of reliable, probative, and substantial evidence to support an administrative decision. *Hudak v. Cleveland*

*Civ. Serv. Comm.* (1988), 44 Ohio App.3d 15, 18, 540 N.E.2d 741, 743–744. The court may not substitute its judgment for that of the agency, especially on questions of administrative expertise. *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201–202, 389 N.E.2d 1113, 1116–1117.

In holding that the termination hearing was barred by the doctrine of *res judicata,* the court never reached the merits of CSC's termination hearing decision. Instead, it found that the same parties and issues were involved in both the suspension hearing and the termination hearing and that the termination hearing was thereby barred.

 *Res judicata* has two forms: claim preclusion and issue preclusion. Claim preclusion prevents a plaintiff from relitigating the same cause of action against the same defendant. *Trautwein v. Sorgenfrei* (1979), 58 Ohio St.2d 493, 495, 12 O.O.3d 403, 404, 391 N.E.2d 326, 327–328. Issue preclusion, or collateral estoppel, prevents the relitigation in a second action of an issue that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action. *Id.; Salter v. Marco* (Feb. 9, 1994), Lorain App. No. 5582, unreported, at 3, 1994 WL 45746. Pursuant to the doctrine of *res judicata:*

" * * * In order for a prior decision to act as a bar there must be identity of parties or their privies and identity of issues. * * * If the prior cause of action involves identical issues, then that prior cause of action is conclusive of the rights, questions and facts in issue as between the parties or their privies. If identical causes of action are involved, the prior action is *res judicata. * * * " Jacobs v. Teledyne, Inc.* (1988), 39 Ohio St.3d 168, 169–170, 529 N.E.2d 1255, 1258. Final judgment in an action precludes the parties from relitigating issues that were, *or could have been,* raised in such action. *Stromberg v. Bratenahl Bd. of Edn.* (1980), 64 Ohio St.2d 98, 100, 18 O.O.3d 343, 344, 413 N.E.2d 1184, 1186. The determination of whether separate causes of action exist must be made from the facts constituting each cause of action "*and* the legal implications arising there-from in each proceeding." (Emphasis added.) *Norwood v. McDonald* (1943), 142 Ohio St. 299, 310, 27 O.O. 240, 244, 52 N.E.2d 67, 73.

 Although the doctrine of *res judicata* generally applies to judicial hearings, when an administrative agency, acting in a judicial capacity, resolves disputed issues of fact which the parties have had an adequate opportunity to litigate, the doctrine of *res judicata* applies to the administrative decision as well. *United States v. Utah Constr. & Mining Co.* (1966), 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642, 661; *Superior's Brand Meats, Inc. v. Lindley* (1980), 62 Ohio St.2d 133, 16 O.O.3d 150, 403 N.E.2d 996, syllabus. Determinations made

in administrative proceedings are given preclusive effect (1) only if the parties had a full and fair opportunity to litigate the matters involved and (2) if the proceedings culminated in a definitive resolution of the matters. *Yashon v. Hunt* (C.A.6, 1987), 825 F.2d 1016, 1021. Where there has been a change in the facts in an action which would have been relevant to the resolution of a material issue involved in the earlier action, neither *res judicata* nor collateral estoppel bars litigation of that issue in a later action.

The trial court found that, because evidence of Gerstenberger's sexual harassment of Letterle had been presented at the suspension hearing, and because Gerstenberger had committed no new acts of sexual harassment since the suspension hearing, *res judicata* applied. In making this determination, the court concluded that Letterle's absence at the suspension hearing was adequately supplemented by her deposition, and that the settlement of her civil lawsuit against Gerstenberger presented no new issues of material fact. We disagree.

 The suspension hearing did not culminate in a definitive resolution of all matters. The city's suspension notice to Gerstenberger clearly stated that the suspension was "subject to further review." The CSC considered the matter of Gerstenberger's suspension only and modified his suspension to one hundred twenty days based only on allegations 10 and 11 of the March 27, 1992 notice. Its finding clearly states that it is "based on the charge of insubordination alone." The insubordination charges related only to Gerstenberger's refusal, on August 23, 1991 and again on September 25, 1991, to obey the mayor's order to reinstate Letterle to her former position. The CSC did not decide the sexual harassment issue at the suspension hearing. Fundamental fairness requires that a party not be penalized for a tribunal's failure to decide an issue.

Not only did the suspension hearing fail to culminate in a definitive resolution of all matters, the requisite identity of issues did not exist at both the suspension hearing and the termination hearing. The termination hearing addressed the matter of Gerstenberger's termination only, and it decided the harassment charges as well as the three additional charges raised in the July 20, 1992 notice. The CSC found that Gerstenberger violated Rule VIII of the Civil Service Rules of the city of Macedonia and set forth five findings of fact, all of which were based on instances of sexual harassment.

 Moreover, the parties did not have an opportunity to fully litigate all issues presented to the CSC at the suspension hearing, as required to support application of *res judicata*. At the time of the suspension hearing, the city had knowledge of the EEOC's probable cause finding. However, Letterle herself was unavailable as a witness, pursuant to a temporary restraining order. The trial court concluded that her absence was not material because her deposition

testimony was available, as well as the findings of the EEOC, and her deposition testimony had been subject to cross-examination. However, all of Letterle's deposition testimony was obtained in the context of her civil suit against Gerstenberger and the city and was, accordingly, elicited only in the mode of adversarial cross-examination. A deposition composed solely of cross-examination of a party's chief witness does not constitute a full and fair opportunity for that party to present its case and to litigate the issues, nor is there any opportunity for the trier of fact to determine credibility or clarify any ambiguities in statements made by the deponent.

Since we find that the termination hearing was not barred by *res judicata,* we need not belabor the issue of whether the settlement of the lawsuit and the availability of Letterle as a witness constituted new material facts barring application of *res judicata* or collateral estoppel. While the trial court correctly noted that settlement of a lawsuit is not specifically listed as a ground for dismissal under R.C. 124.34, the city and CSC could have reasonably concluded that Letterle's testimony, coupled with the settlement, constituted relevant evidence of immoral conduct or failure of good behavior, which are grounds for dismissal specifically set forth in the statute.

In accordance with the foregoing, this court does not find that the city had a full and fair opportunity to litigate all issues raised, or which could have been raised, at the suspension hearing. Nor do we find that the issues raised, and definitively decided, were the same at both hearings. Moreover, even if the substantive requirements of *res judicata* had been met in this instance, fundamental fairness would dictate this result. If an entity were required to terminate an employee immediately upon the leveling of charges against him alone or upon an EEOC probable cause finding, manifest injustice to that employee could result. The more prudent route appears to be that taken by the city in this instance: interim suspension, pending an investigation of all facts, and harsher action only if the result of such fact finding warrants such action. The doctrine of *res judicata* is to be applied with flexibility. *Jacobs v. Teledyne, Inc.* (1988), 39 Ohio St.3d 168, 171, 529 N.E.2d 1255, 1259. "The doctrine should be qualified or rejected when its application would contravene an overriding public policy or result in manifest injustice." *Id.,* citing *Tipler v. E.I. du Pont deNemours & Co.* (C.A.6, 1971), 443 F.2d 125.

In light of the foregoing, we find the city's assignment of error to be well taken and, accordingly, reverse the judgment of the trial court and reinstate the decision of the CSC.

*Judgment accordingly.*

Cook and Dickinson, JJ., concur.