**TRUST OF UNDERWOOD, Appellee,**

v.

**CITY OF WOOSTER, Appellant.**

[Cite as *Trust of Underwood v. Wooster* (1995), 106 Ohio App.3d 702.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 95CA0005.

Decided Oct. 4, 1995.

*Ford G. Ross,* for appellee.

*Richard R. Benson, Jr.,* Director of Law, for appellant.

---

BAIRD, Presiding Judge.

Defendant-appellant, the city of Wooster, Ohio, appeals from the decision of the Wayne County Court of Common Pleas ordering a refund of tax monies to plaintiff-appellant, the trust of Harley Underwood. We reverse.

On May 1, 1984, Wooster enacted an ordinance imposing a one-percent municipal income tax on certain activities. Section 1701.03(a)(3) of that ordinance provides that the one percent tax shall be applied to "the portion attributable to the City of the net profits earned * * * of all resident unincorporated businesses, professions or other entities, derived from sales made, work done, services performed or rendered and business or other activities conducted in the City."

In addition, Section 1701.03(d) of that ordinance provides as follows:

"(1) Rental income received by a taxpayer shall be included in the computation of net profits from business activities * * * only if and to the extent that the rental, ownership, management or operations of the real estate from which such rentals are derived * * * constitutes a business activity of the taxpayer in whole or in part; and

"(2) Where the gross monthly rental of any and all real properties, regardless of number and value, aggregates in excess of one hundred dollars ($100.00) per month, it shall be prima-facie evidence that the rental, ownership, management or operation of such properties is a business activity of such taxpayer, and the net income of such property shall be subject to tax[.]"

It is not disputed that the trust, established by the will of the late Harley Underwood, is an "entity" which qualifies as a "business," and therefore as a "taxpayer," under the terms of the ordinance. Section 1701.02(c) of the Wooster ordinance defines a "business" as "an enterprise, activity, profession, or undertaking of any nature conducted for profit."

The trust owns property, which it leases to Underwood Lincoln Mercury, Inc., for $7,406.25 per month. The trust receives a monthly rental check from the auto dealership. It does not manage, control, maintain, pay taxes on, or take any other action with regard to the property. The trust contends that, since it does not do any of these things, it is not engaged in a "business activity" and, therefore, its rental income is not subject to the municipal tax. The trust filed a 1992 income tax return and paid $773.44 in taxes to Wooster.

The trust then filed an amended tax return, seeking to establish that it was entitled to a refund of that sum because its rental income was not taxable. Wooster's Finance Director, James Pyers, denied the trust's request for a refund, claiming that the income was indeed taxable under the city's ordinance as derived from a "business activity." The Wooster City Income Tax Board of Review upheld Pyers's decision. The Wayne County Court of Common Pleas, however, held that the collection of rental income did not satisfy the definition of a "business activity" and ordered Wooster to refund the tax money to the trust. Wooster now appeals that decision to this court, asserting two assignments of error:

I

"The trial court erred in applying the requisite standard for judicial review under Revised Code Chapter 2506."

II

"The trial court erred in failing to find that the decision of the Wooster Income Tax Board of Review was supported by the preponderance of substantial, reliable, and probative evidence on the whole record."

■ Wooster contends that the trial court erroneously applied the relevant standard of review when it reversed the decision of the Wooster City Income Tax Board of Review.

■ In reviewing the decision of an administrative agency, "a reviewing court must determine whether there exists a preponderance of reliable, probative, and substantial evidence to support an administrative decision." *Gerstenberger v. Macedonia* (1994), 97 Ohio App.3d 167, 171–172, 646 N.E.2d 489, 492, citing *Hudak v. Cleveland Civ. Serv. Comm.* (1988), 44 Ohio App.3d 15, 18, 540 N.E.2d 741, 743–744. The court may not substitute its judgment for that of the agency, especially on questions of administrative expertise. *Gerstenberger, supra,* 97 Ohio App.3d at 172, 646 N.E.2d at 492–493, citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201–202, 389 N.E.2d 1113, 1116–1117.

We find that the trial court properly employed the appropriate standard of review, which is set forth in R.C. 2506.04. The trial court noted in its opinion that "[t]his court may reverse the Board of Income Tax Review's order if it is illegal, arbitrary, capricious, unreasonable, unconstitutional, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Wooster's first assignment of error is, therefore, overruled, since it is

apparent that the trial court was fully cognizant of, and applied, the correct standard of review.

■■ In reviewing an administrative agency's decision, a court of common pleas may not "blatantly substitute its judgment for that of the agency," but may alter the agency's decision only if the court properly finds the decision to be unsupported by a preponderance of the evidence. See *Reed v. Vermilion Local School Dist.* (1992), 83 Ohio App.3d 323, 326, 614 N.E.2d 1101, 1102. In this case, the trial court found that there was not sufficient evidence to support the decision of the Wooster City Income Tax Board of Review. In arriving at its decision, the trial court considered various definitions of the term "business activity." That term is not specifically defined by the Wooster ordinance, nor is it mentioned in the ordinance, except in section 1701.03(d), quoted above. Section 1701.03(d)(2) of the ordinance states that a monthly rental income of more than one hundred dollars is to be considered prima facie evidence of business activity.

■ "Prima facie" is defined as "[a]t first sight; on the first appearance; on the face of it; so far as can be judged from the first disclosure; presumably; a fact presumed to be true unless disproved by some evidence to the contrary." Black's Law Dictionary (6 Ed.1990) 1189. Applying this definition to the circumstances of this case, the Wooster ordinance creates a presumption that the trust is engaged in a business activity because it derives more than one hundred dollars per month in income from its rental of the property. This is the only reference to "business activity" to be found within the four corners of the ordinance. Therefore, unless the trust can establish that it does not collect more than one hundred dollars per month, or that this income is not derived from the rental of the property, it cannot rebut this presumption, since no other definition of "business activity" is provided within the ordinance.

The trust has not challenged the constitutionality, soundness, legality, or scope of the ordinance itself. Rather, the trust simply asserts that it was not engaged in a "business activity" as defined by the ordinance. Therefore, evidence probative of what constitutes a "business activity" according to the ordinance must be adduced from the ordinance itself, not from other sources. In this case, the only evidence probative of this question is Wooster Codified Ordinances 1701.03(d)(2), which states that the income received by the trust is prima facie evidence of business activity. The trial court, however, concluded that "you must go outside the ordinance to determine the meaning of 'business activity' " and went on to consider the characteristics of business activity as described in federal income tax forms and by the Ohio Revised Code.

We find that the trial court erred in going outside the ordinance to consider other evidence and definitions of "business activity" when making its determina-

tion. The evidence before the administrative board, namely the prima facie presumption of "business activity" contained within the ordinance, clearly supported its determination that the trust was subject to tax liability. Therefore, it was inappropriate for the trial court to consider what might constitute a business activity in any context other than the ordinance in question. The presumption that the trust was engaged in business activity was unrebutted, and the decision of the Wooster City Income Tax Board of Review was, therefore, supported by a preponderance of probative and credible evidence. The trial court erred in substituting its judgment for that of the administrative board and for basing that judgment on evidence external to the Wooster ordinance.

Wooster's second assignment of error is sustained. Accordingly, the judgment of the trial court is hereby reversed, and the cause is remanded for entry of a judgment consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REECE, J., concurs.

QUILLIN, P.J., dissents.