DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, John S. Luchansky, appeals the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of appellees, Augustin F. O'Neil and Melissa Graham-Hurd. We affirm.
Appellees are attorneys who were retained by Luchansky to represent him in a civil rights action filed in a United States District Court. On October 31, 1995, that court dismissed the action due to statements by counsel that the case had been, or was in the process of being settled. The court specifically retained jurisdiction, however, to vacate its order and reopen the action in the event that attempts at settlement were unsuccessful.
At some point soon thereafter, Luchansky fired appellees. It was unclear at that time whether a settlement had been reached so the federal court held a status conference to determine whether Luchansky could "show cause that settlement had not been completed and further litigation is necessary." The court told Luchansky "in no uncertain terms that he was obligated to appear" at this status conference. Despite the court's admonitions, however, Luchansky failed to show up. In its order, the court held that "[t]hrough this non-appearance, Luchansky has clearly failed to show cause that settlement had not been completed and further litigation is necessary. It appears exactly the opposite is the case, and that counsel for Luchansky was fully authorized to settle this action when and how he did."
In May 1996, appellees filed suit against Luchansky in the Akron Municipal Court alleging Luchansky had breached the retainer agreement by refusing to negotiate the settlement check to pay for appellees' legal services. Luchansky filed a counterclaim alleging appellees committed "egregious and malicious acts" by settling his federal claim without his authority. Appellees moved for summary judgment on the counterclaim and the municipal court held:
 Because Mr. Luchansky's counterclaim is based on the assertion that Attorneys O'Neil and Graham-Hurd acted inappropriately in settling his federal district court case, an issue that was litigated by the federal district court in December 1995, this court finds that Mr. Luchansky's counterclaim is barred by the doctrine of collateral estoppel. Accordingly, Plaintiffs' Motion for Summary Judgment on Defendant's counterclaim is hereby GRANTED.
Still dissatisfied, Luchansky filed this action against appellees in the Summit County Court of Common Pleas alleging,inter alia, legal malpractice, misrepresentation, breach of contract, and unprofessional conduct. The common pleas court, finding that all of Luchansky's claims were or could have been raised in the municipal court, granted summary judgment in appellees' favor on the basis of res judicata. Luchansky appeals this decision, arguing that the granting of summary judgment was an abuse of discretion.
The only issue on this appeal is whether summary judgment was properly granted on the basis of res judicata. In reviewing this granting of summary judgment, we must uphold the decision if, construing the evidence most strongly in favor of Luchansky, the record discloses that no genuine issue of material fact exists and that the appellees are entitled to judgment as a matter of law. See Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
Res judicata is a judicially created doctrine that prevents the relitigation of an issue in a second action where that issue was actually and necessarily litigated and determined in a prior action. Gerstenberger v. Macedonia (1994), 97 Ohio App.3d 167,172, citing Trautwein v. Sorgenfrei (1979), 58 Ohio St.2d 493,495. This principal also applies to any issue which could have been litigated in a prior action. "`Whenever a matter is finally determined by a competent tribunal, it is considered at rest forever. And this principle embraces not only what was actually determined, but every other matter which the parties might have litigated in the case.'" Bean v. Bean (1983), 14 Ohio App.3d 358,361, quoting Petersine v. Thomas (1876), 28 Ohio St. 596, 601.
In this case, all of Luchansky's claims stem from appellees' representation of him in his federal action. Specifically, he contends that appellees were not authorized to settle his claim. The federal court held a hearing on this very matter, however, allowing Luchansky the opportunity to present this argument. Despite the court's clear mandate that he do so, Luchansky failed to attend. As a result, the court found that appellees did have the authority to settle the claim on Luchansky's behalf. The propriety of appellees' behavior in entering into this settlement, then, has already been determined and is barred from further litigation. To the extent Luchansky raises any additional claims in this case they, too, are barred from further litigation, as Luchansky failed to raise them in the municipal court when he had the opportunity to do so.
The federal court has clearly spoken concerning the propriety of appellees' actions in settling Luchansky's federal claim. Any additional claims Luchansky has attempted to make could have been raised in the municipal court but were not. All of his current claims, therefore, are now barred by law. Construing the evidence most strongly in Luchansky's favor, we find that no genuine issues of material fact remain and that appellees are entitled to judgment as a matter of law. Luchansky's assignment of error is not well taken.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _______________________________ DANIEL B. QUILLIN
FOR THE COURT
REECE, J.
SLABY, J. CONCUR