DECISION AND JOURNAL ENTRY
Appellant Brian Steiner has appealed from an order of the Summit County Common Pleas Court that affirmed the decision of the Akron Civil Service Commission to discharge him for "conduct unbecoming" an employee of the city of Akron (the City). This Court affirms.
 I.
On September 11, 1998, Steiner was discharged from his position as a Sewer Maintenance Worker II for conduct unbecoming a City employee, pursuant to Akron Civil Service Commission Rule 10(2)(h) (Rule 10(2)(h)). His discharge was the result of a confrontation between himself and Tom Tucker, a fellow member of the City's sewer maintenance division. Steiner appealed the discharge to the Akron Civil Service Commission (the Commission). On November 12, 1998, the Commission held a hearing on the matter.
At the hearing, Steiner testified that he called out to Tucker, who was about fifty feet away, that a third co-worker was in need of a chain in order to complete a project. Steiner then testified that instead of retrieving the chain for their fellow employee, Tucker marched directly over to him and declared, "No one is afraid of you, and maybe I ought to write things about people, too * * *[.]" Steiner stated that he replied, "I don't know what you are talking about," turned and walked away.
Tucker, on the other hand, testified that he heard Steiner call, "Hey, Tucker, come here." When Tucker approached, Steiner told him to get a chain for the third employee. Tucker testified that he responded by telling Steiner that it was not his concern. According to Tucker, Steiner then stepped in front of him, blocking his path and said, "I'll kick your fucking ass, you little fucking maggot." He further testified that Steiner later threatened Tucker by stating he was "going to get an ass kicking after work." Both men testified that Steiner was discharged later that day. When the hearing concluded, the Commission denied Steiner's appeal.
Thereafter, pursuant to R.C. 2506.04, Steiner filed an administrative appeal with the Summit County Common Pleas Court. On August 25, 1999, the common pleas court affirmed the decision of the Commission and upheld the discharge. Steiner timely appealed, asserting one assignment of error.
 II. The decision of the [common pleas court] on appeal, pursuant to R.C. 2506.04, from the decision of the [Commission] affirming [Steiner's] discharge from his position in the Akron Sewer Department for "conduct unbecoming an employee of [the City]" violates the Constitutions of the United States and Ohio and is not supported by a preponderance of substantial, reliable, and probative, (sic) evidence.
A.
 First, Steiner has challenged the constitutionality of Rule 10(2)(h), claiming that it is void for vagueness.[1]
Specifically, he has argued that the language of Rule 10(2)(h) failed to place him on notice of which conduct could result in a dismissal. In support of this argument, he has cited Levy v. Parker (C.A.3, 1973), 478 F.2d 772, reversed by Parker v. Levy
(1974), 417 U.S. 733, 41 L.Ed.2d 439. He has also cited Richard T. Kiko Agency, Inc. v. Ohio Dept. of Commerce, Div. of Real Estate (1990), 48 Ohio St.3d 74, for the proposition that his conduct on the date in question was neither prohibited by a professional code of ethics nor contrary to law.
In response, the City has argued that Steiner had sufficient notice because the language "conduct unbecoming" must be read to mean "bad behavior." In support of this interpretation, the City has directed this Court's attention to Stateex rel. Ashbaugh v. Bahr (1941), 68 Ohio App. 308, 313 (holding "conduct unbecoming" a city employee may be read as "failure of good behavior" or as "bad behavior"). Building on this proposition, the City further argued that such a prohibition cannot be viewed as vague.
This Court views Arnett v. Kennedy (1974), 416 U.S. 134,40 L.Ed.2d 15, as negating Steiner's vagueness claim. In Arnett, it was asserted that Section 7501(a), Title 5, U.S. Code, a section in The Lloyd-LaFollette Act which authorizes removal of federal employees for "such cause as will promote the efficiency of the service," was unconstitutionally vague. In rejecting that contention, the Court stated:
 There are limitations in the English language with respect to being both specific and manageably brief, and it seems to us that although the prohibitions may not satisfy those intent on finding fault at any cost, they are set out in terms that the ordinary person exercising ordinary commonsense can sufficiently understand and comply with, without sacrifice to the public interest. The general class of offense to which (the provisions are) directed is plainly within (their) terms (and they) will not be struck down as vague, even though marginal cases could be put where doubts might arise.
(Citations omitted) Id. at 159, 40 L.Ed.2d at 36. See, also,Parker v. Levy (1974), 417 U.S. 733, 754, 41 L.Ed.2d 439, 457
(noting that custom and usage may also lend clarity to any potential confusion regarding the offense of "conduct unbecoming an officer"); State ex rel. Ashbaugh,68 Ohio App. at 313. Applying the foregoing logic to the case at bar, this Court concludes (1) that language which permits dismissal for "conduct unbecoming an officer or employee" is not void for vagueness, and (2) that Steiner was on notice. See, e.g., Habe v. South Euclid Civil Service Comm. (Feb. 4, 1993), Cuyahoga App. No. 61786, unreported, 1993 Ohio App. LEXIS 583, at *12. As such, Steiner's argument with regard to the constitutional validity of Rule 10(2)(h) is without merit.
 B.
Second, Steiner has asserted that notwithstanding the constitutionality of Rule 10(2)(h), its language cannot be interpreted, as a matter of law, to include his conduct towards Tucker because it was not heard or witnessed by any member of the general public. Essentially, he has argued that in order to discharge him, his conduct must have brought disgrace upon the City, thereby causing the public to lose confidence and trust in government employees. He has also asserted that (1) his previous misconduct towards a supervisor should bear no relevance to the conduct in question, (2) his words do not equate conduct, and (3) that threatening speech and cursing "is exactly the kind of language one would expect of bricklayers and sewer department workers." These arguments are ill-founded.
Steiner was discharged because he threatened bodily harm and cursed at another city employee, not because he brought disrepute upon the City. Surely, this type of conduct, whether verbal or physical, directed at a co-worker or supervisor, warrants dismissal. As the City aptly noted, Steiner cannot seriously contend that, when he threatened bodily harm and vehemently cursed at a co-worker, he was not engaged in conduct unbecoming an employee. To hold otherwise would be to empower City personnel to curse at and threaten fellow workers at-will. Therefore, Steiner's argument that his conduct can and should not be interpreted to fall within Rule 10(2)(h) must fail.
 C.
Finally, Steiner has argued that the common pleas court abused its discretion when it affirmed the Commission's decision. In reviewing an administrative decision, a common pleas court may find "that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. In determining whether the agency's decision is supported by reliable, probative and substantial evidence, a common pleas court is required to give "due deference to the administrative resolution of evidentiary conflicts." Univ. of Cincinnati v.Conrad (1980), 63 Ohio St.2d 108, 111. See, also, Ohio HistoricalSoc. v. State Emp. Relations Bd. (1993), 66 Ohio St.3d 466, 471. Moreover, a common pleas court may not substitute its judgment for that of the administrative agency. Gerstenberger v. Macedonia
(1994), 97 Ohio App.3d 167, 172, citing Dudkovich v. Lorain Metro.Hous. Auth. (1979), 58 Ohio St.2d 202, 207.
When reviewing an order of the common pleas court which determined an appeal from an administrative agency, this Court's inquiry is limited to whether the common pleas court abused its discretion. In re Ghali (1992), 83 Ohio App.3d 460, 465-66, citing Lorain Cty. Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257. An abuse of discretion implies "a decision which is without a reasonable basis or one which is clearly wrong." Id. at 466, citing Angelkovski v. Buckeye Potato ChipsCo. (1983), 11 Ohio App.3d 159.
Steiner has argued that the decision to discharge him was not supported by the preponderance of substantial, reliable and probative evidence. In support of this argument, he has pointed to the testimony offered at the Commission's hearing. Because only two individuals were involved in the confrontation, and no other witnesses could hear what was said, Steiner has argued that a preponderance of the evidence cannot exist.
In further advancing his argument, Steiner has claimed that his prior history of bad behavior should not have been considered. First, he has pointed to Ohio Adm. Code 124-9-04(A) which provides, "Evidence of prior discipline is inadmissible to prove the existence of any incident alleged in a `section 124.34 order.'" Next, he has argued that the previous incident referenced in his discharge notice was one of insubordination and obviously related to a supervisor, not a co-worker with a lower status. Ergo, the inclusion of this evidence by the Commission and the common pleas court, Stiener has argued, was in error.
In response, the City has insisted that the common pleas court's decision was not only supported by a preponderance of substantial, reliable and probative evidence, but that the evidence considered was proper. Specifically, the City has argued that the Commission is not bound by the Ohio Adm. Code and that it amounts to persuasive authority only. The City has also directed this Court's attention to a different sub-section Ohio Adm. Code124-9-04 which does allow evidence of prior misconduct to be admitted if done so to demonstrate that the employee was on notice that such behavior was unacceptable and/or that the employee had a continuing problem with this type of conduct. See Ohio Adm. Code124-9-04(C).
As for Steiner's argument that the common pleas court's decision was not grounded upon a preponderance of substantial, reliable and probative evidence, the City has argued that the testimony offered at the Commission hearing provided the requisite quantum of evidence to survive challenge on an administrative appeal. It also added that Steiner's prior history of "bad behavior" provided justification for the common pleas court's affirmance.
Turning first to Steiner's argument regarding his previous misconduct, this Court concludes that Ohio Adm. Code 124-9-04 is persuasive in that it would not prevent the board from admitting evidence of a prior incident as Steiner has claimed. Ohio Adm. Code 124-9-04(A) forbids the admission of evidence of a previous incident if used to prove the existence of the conductfor which the employee is being removed. Moreover, Ohio Adm. Code 124-9-04(C) specifically allows the admission of evidence if used to show notice or a that the harsher discipline was required. In this case, the reference to and consideration of the previous misconduct was proper because it related to both Steiner's notice and his need for harsher discipline. Furthermore, the Commission is governed by a different standard. The Commission's evidentiary standards are "informal as is compatible with the requirements of justice." Akron Civil Service Commission Rule 10(4)(3). It is not bound by the common law or the statutory rules of evidence.Id. This Court concludes that the admission of Steiner's prior history at the Commission hearing was compatible with the requirements of justice. As such, his argument must fail.
As to Steiner's argument that the Commission's decision was not supported by a preponderance of substantial, reliable and probative evidence, again, this Court disagrees. After reviewing the record, this Court concludes that the common pleas court's affirmance of the Commission's decision was reasonable. While the testimony of two witnesses did conflict at the Commission's hearing, nothing in the record demonstrates that the common pleas court's ruling was clearly wrong. Therefore, the common pleas court did not abuse its discretion.
 III.
Steiner's assignment of error is overruled. The judgment of the common pleas court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT BATCHELDER, P. J.
CONCURS BAIRD, J.
CONCURS IN JUDGMENT ONLY
[1] Steiner also challenged Rule 10(2)(h) as overbroad in his assignment of error. Nevertheless, he failed to set forth any argument with respect to this proposition. As such, this Court disregards that assertion. See Ivery v. Ivery (Jan. 12, 2000), Summit App. No. 19410, unreported, at 3.