JACOBS, APPELLANT, *v.* TELEDYNE, INC. ET AL., APPELLEES.

[Cite as. Jacobs *v.* Teledyne, Inc. (1988), 39 Ohio St. 3d 168.]

(No. 87-1297—Submitted May 18, 1988—Decided October 26, 1988.)

*John R. Workman,* for appellant.

*Vorys, Sater, Seymour & Pease, Joseph A. Brunetto* and *James C. Becker,* for appellee Teledyne, Inc.

*Anthony J. Celebrezze, Jr.,* attorney general, *Donald R. Ford, Jr.* and *Merl H. Wayman,* for appellee Industrial Commission.

*Stewart Jaffy & Associates Co., L.P.A.,* and *Stewart R. Jaffy,* urging reversal for *amicus curiae,* Ohio AFL-CIO.

LOCHER, J. The primary issue presented in this action is whether appellant's 1984 claim for workers' compensation benefits was properly rejected. We hold in the negative and reverse the judgment of the court of appeals.

As noted above, the court of appeals held that appellant's 1984 claim was barred under the doctrine of *res judicata.* Both appellees echo this argument in their briefs. This court has applied the doctrine of *res judicata* to those administrative proceedings which are " 'of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceeding * * * .' " *Set Products, Inc.* v. *Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St. 3d 260, 263, 31 OBR 463, 465, 510 N.E. 2d 373, 376, quoting *Superior's Brand Meats, Inc.* v. *Lindley* (1980), 62 Ohio St. 2d 133, 16 O.O. 3d 150, 403 N.E. 2d 996, syllabus, and *Consumers' Counsel* v. *Pub. Util. Comm.* (1985), 16 Ohio St. 3d 9, 16 OBR 361, 475 N.E. 2d 782.

"* * * In order for a prior decision to act as a bar there must be identity of

parties or their privies and identity of issues. * * * If the prior cause of action involves identical issues, then that prior cause of action is conclusive of the rights, questions and facts in issue as between the parties or their privies. If identical causes of action are involved, the prior action is *res judicata.* * * *" (Citation omitted.) *State, ex rel. Westchester Estates, Inc.,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 44, 15 O.O. 3d 53, 55, 399 N.E. 2d 81, 83. "The policy basis of *res judicata* is to assure an end to litigation, and prevent a party from being vexed twice for the same cause." *LaBarbera* v. *Batsch* (1967), 10 Ohio St. 2d 106, 113, 39 O.O. 2d 103, 108, 227 N.E. 2d 55, 62.

In the cause *sub judice,* the court of appeals found that the 1973 decision of the bureau administrator had determined that appellant was not totally disabled and that he did not have a right to participate in the State Insurance Fund. The court ruled that the 1984 claim was barred by the doctrine of *res judicata* because the 1984 claim involved the same "injury" and same parties as were involved in the 1973 decision. We reject this analysis.

Appellant was still serving his employer as a foundry worker when he filed his occupational disease claim in 1972. He continued to work as a foundry worker for another eleven years. At the time of the original filing, R.C. 4123.68(Y) precluded compensation in any form for silicosis unless total disability or death resulted within eight years of the last injurious exposure. (137 Ohio Laws, Part II, 3934, 3958.)[2] The administrator's 1973 decision recognized that appellant had contracted silicosis and "approved" the claim, but denied any compensation because the silicosis had not caused total disability within eight years after appellant's last injurious exposure. Indeed, total disability was lacking. Appellant was still able to perform as a foundry worker for Teledyne. Appellant argues he was attempting to protect his claim from being denied under the statute of limitations contained in R.C. 4123.85,[3] after he learned that he had contracted silicosis. Nevertheless, the year 1972 turned out to be an inappropriate time to file a claim for silicosis when appellant still had the ability to perform his job at Teledyne. Essentially, the 1972 claim served no purpose. Regardless of whether it had been eight years or more since his last injurious ex-

---

[2] But, see, the legislature's most recent (1986) version of R.C. 4123.68(Y), which provides in part:

"Compensation on account of silicosis, asbestosis, or coal miners' pneumoconiosis are [*sic*] payable only in the event of temporary total disability, permanent total disability, or death, in accordance with sections 4123.56, 4123.58, and 4123.59 of the Revised Code. *Medical, hospital, and nursing expenses are payable in accordance with Chapter 4123. of the Revised Code.* Compensation, medical, hospital, and nursing expenses are payable only in the event of such disability or death resulting within eight years after the last injurious exposure; provided that such eight-year limitation shall not apply to disability or death occurring after January 1, 1976, and further provided that such eight-year limitation shall not apply to any asbestosis cases. * * *" (Emphasis added.)

[3] R.C. 4123.85 provides:

"In all cases of occupational disease, or death resulting from occupational disease, claims for compensation or benefits shall be forever barred unless, within two years after the disability due to the disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician or within two years after death occurs, application is made to the industrial commission or to the employer in the event such employer has elected to pay compensation or benefits directly."

posure, there could be no finding of total disability.

The eight-year limit of R.C. 4123.68 was ruled unconstitutional by our decision in *Caruso* v. *Aluminum Co. of America* (1984), 15 Ohio St. 3d 306, 15 OBR 436, 473 N.E. 2d 818. However, in 1984, that section still required that those workers afflicted with silicosis experience *total* disability before occupational disease compensation could be awarded. When appellant filed his occupational disease claim in 1984, he was no longer active in the workforce. He asserts that he filed the claim in 1984 because he had become totally disabled due to silicosis.

"Where * * * there has been a change in the facts in a given action which either raises a new material issue, or which would have been relevant to the resolution of a material issue involved in the earlier action, neither the doctrine of *res judicata* nor the doctrine of collateral estoppel will bar litigation of that issue in a later action." *State, ex rel. Westchester Estates, Inc., supra,* at 45, 15 O.O. 3d at 55, 399 N.E. 2d at 83.

While this claim may involve the same parties and similar issues, we find it to be highly significant that in 1984, as opposed to 1973, the hearing officer was faced with the appellant's claim that he was totally disabled due to an occupational disease. In 1984, appellant had stopped working. It was no longer obvious that he was not totally disabled. Based on this change of facts alone, we find that the doctrine of *res judicata* does not apply to bar the claim filed in 1984.

Furthermore, fundamental fairness should dictate such a result. While *res judicata* does apply to administrative proceedings, it should be applied with flexibility. *Independence* v. *Maynard* (1985), 25 Ohio App. 3d 20, 25 OBR 92, 495 N.E. 2d 444. The doctrine should be qualified or rejected when its application would contravene an overriding public policy or result in manifest injustice. *Tipler* v. *E.I. duPont deNemours & Co.* (C.A. 6, 1971), 443 F. 2d 125. Silicosis is a gradually progressive disease, often taking years of exposure before reaching the point where total disability sets in, which is the only point at which it becomes compensable as an occupational disease.[4] In *Caruso, supra,* we recognized that there is no "magical" time limit for the disease to take effect. Moreover, appellant did not sit on his rights when he contracted silicosis. This is not a case where a claimant failed to act by filing a late or defective claim. This is a case where a disease failed to cause total disability within a certain time. Appellant did not quit his job at Teledyne when he learned that he was suffering from silicosis. He continued to contribute to that company and amassed a total of thirty-nine years on the job. Now appellant claims that silicosis has caused his total disability and, consequently, he has filed an occupational disease claim for benefits. Fundamental fairness requires that such a claim be determined on its facts, not on legal technicalities. This result is consistent with this state's public policy of construing the law liberally in favor of injured employees. See R.C. 4123.95.

In determining appellant's 1984 claim on its facts, the district hearing officer treated the matter as an application to reactivate the 1972 claim. The hearing officer rejected the claim because more than six years had elapsed since the 1972 claim was filed and there had been no payment of compensation so as to continue the jurisdiction of the Industrial Commission pursuant to R.C. 4123.52. That section provides:

"The jurisdiction of the industrial

---

[4] See fn. 2.

commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation * * *.''

Appellant contends that R.C. 4123.52 is not applicable to claims for occupational diseases such as silicosis because it speaks only of "injury." However, in *State, ex rel. Timken Roller Bearing Co.*, v. *Indus. Comm.* (1939), 136 Ohio St. 148, 16 O.O. 81, 24 N.E. 2d 448, this court held that the continuing jurisdiction limitations of G.C. 1465-87 (now R.C. 4123.52) were applicable to occupational disease claims.

While *Timken* would appear to be controlling, we believe the circumstances presented in this action and the present state of medical knowledge require us to reconsider the soundness of that broad decision. In the instant action, appellant maintains that his original claim was filed in 1972 in order to meet the statute of limitations requirements of R.C. 4123.85. The fact that he had contracted silicosis was recognized by the bureau's administrator in the 1973 decision and the claim was marked as approved. Nevertheless, no compensation was allowed because appellant was obviously not totally disabled. Finally, however, in 1984, appellant alleged he became totally disabled due to silicosis. Under a strict application of R.C. 4123.52, appellant's claim became forever barred because *the disease* had not caused total disability within six years, despite the fact that the disease may have caused total disability later. This is because a victim of this occupational disease is entitled to compensation only if total disability or death results.[5]

The current state of medical knowledge concerning such occupational diseases has far surpassed that which was known at the time this court reached its holding in *Timken*. This is reflected in our decisions such as *Caruso, supra,* and by changes made

---

[5] Appellees contend that appellant could have filed a claim since 1972, pursuant to R.C. 4123.57(D) (formerly R.C. 4123.57[E]). That section provides in part:

"If an employee makes application for a finding and the commission finds that he has contracted silicosis as defined in division (X), or coal miners' pneumoconiosis as defined in division (Y), or asbestosis as defined in division (AA) of section 4123.68 of the Revised Code, *and that a change of such employee's occupation is medically advisable in order to decrease substantially further exposure to silica dust,* asbestos, or coal dust and if the employee, after such

finding, has changed or shall change his occupation to an occupation in which the exposure to silica dust, asbestos, or coal dust is substantially decreased, the commission shall allow to such employee an amount equal to fifty percent of the statewide average weekly wage per week for a period of thirty weeks * * *." (Emphasis added.)

Nothing contained in the record indicates that appellant was ever medically advised to change his occupation or that the commission made a finding that it was medically advisable for appellant to change his occupation. Thus, we find this section to be inapplicable to the case at bar.

by the legislature with regard to compensating victims of this type of occupational disease. As stated earlier, this claimant did not sit on his rights. We are faced with a victim of a slowly developing disease that failed to cause total disability within a certain time frame. Our recent decision in *Grant* v. *Connor* (1988), 38 Ohio St. 3d 75, 525 N.E. 2d 1383, defined "total disability" under R.C. 4123.68(Y) as a "* * * total inability to work due to silicosis." *Id.* at paragraph two of the syllabus. That is what appellant claimed that he faced in 1984. To deny appellant the opportunity to present his claim because he suffers from a disease that slowly develops by strictly applying R.C. 4123.52 would simply be bad law and would be repugnant to the legislative intent expressed in R.C. 4123.95.

Faced with the injustice caused by the strict application of R.C. 4123.52 to such occupational disease claims and in response to the legislature's mandate contained in R.C. 4123.95, we now modify our decision in *Timken, supra,* and hold that R.C. 4123.52 is not applicable to occupational disease claims which require total disability or death to be compensable.

This holding is entirely consistent with our recent decision in *White* v. *Mayfield* (1988), 37 Ohio St. 3d 11, 523 N.E. 2d 497, wherein we held in the syllabus that: "[p]ursuant to R.C. 4123.85, *disability due to an occupational disease shall be deemed to have begun on* the date on which the claimant first became aware through medical diagnosis that he or she was suffering from such disease, or the date on which claimant first received medical treatment for such disease, *or the date claimant first quit work on account of such disease, whichever date is latest.*" (Emphasis added.) Thus, for the purposes of R.C. 4123.85, appellant's disability did not begin until he

quit working because of silicosis if, indeed, that is the reason he quit working. Therefore, we refuse to apply R.C. 4123.52.

Based on the foregoing, we reverse the decision of the court of appeals and remand this action to the Industrial Commission for further proceedings consistent with this opinion in consideration of appellant's 1984 claim.

*Judgment reversed
and cause remanded.*

SWEENEY and DOUGLAS, JJ., concur.

WRIGHT, J., concurs in the syllabus and judgment.

HOLMES, J., concurs in judgment only.

MOYER, C.J., and STRAUSBAUGH, J., dissent.

DEAN STRAUSBAUGH, J., of the Tenth Appellate District, sitting for H. BROWN, J.

MOYER, C.J., dissenting. As the majority candidly observes, *State, ex rel. Timken Roller Bearing Co.,* v. *Indus. Comm.* (1939), 136 Ohio St. 148, 16 O.O. 81, 24 N.E. 2d 448, "* * * would appear to be controlling * * *." The majority then decides that the present state of medical knowledge requires us to reconsider the soundness of that decision. In my view, it is for the General Assembly to decide whether to amend R.C. 4123.52 in view of advancements in medical technology. The power to provide the manner in which suits may be brought is delegated to the General Assembly. *Krause* v. *State* (1972), 31 Ohio St. 2d 132, 143, 60 O.O. 2d 100, 106, 285 N.E. 2d 736, 743. It is the obligation of the

court to apply the statute as enacted rather than attempt to amend it. *Bowman* v. *National Graphics Corp.* (1978), 55 Ohio St. 2d 222, 226, 9 O.O. 3d 159, 162, 378 N.E. 2d 1056, 1059.

In the construction of a statute, this court has no right to extend or improve the provisions of the statute to meet a situation not provided for. *Cornell* v. *Bailey* (1955), 163 Ohio St. 50, 58, 56 O.O. 50, 53, 125 N.E. 2d 323, 327.

It is thus my opinion that this court should not sweep aside a legislative enactment that is clear on its face and a prior opinion of the court on the basis of some general proposition that medical technology requires a change. Such a policy change is the responsibility of the General Assembly, not this court. I would affirm the judgment of the court of appeals.

STRAUSBAUGH, J., concurs in the foregoing dissenting opinion.