OPINION.
 STATEMENT OF THE CASE
Plaintiff-appellant Charles W. Ellis challenges the order of the court of common pleas granting the Civ.R. 12(B)(6) motion of his employer, General Electric Aircraft Engine Group (G.E.) because he had not timely appealed a June 16, 1998, order of the Industrial Commission within sixty days pursuant to R.C. 4123.512. Concluding that Ellis had failed to timely appeal the June 16, 1998, order, which had denied his motion for permanent total disability compensation (PTD) because no live claim existed, the trial court held that it lacked jurisdiction to consider the appeal. Ellis challenges the appealability of the June 16, 1998, order on two grounds: (1) the ex parte order of the staff hearing officer (SHO) of the Industrial Commission dismissing his application for PTD compensation did not constitute an order regarding his right to participate; and (2) a hearing to determine the date of injury for his occupational disease under the six-year limitation of former R.C. 4123.52 (H.B. No. 107, amended October 20, 1993) held that the injury was to be calculated from July 9, 1990, and this holding constituted an order as to the right to participate. Because we are persuaded that the SHO's order of March 3, 1999, denying PTD compensation did constitute a decision regarding Ellis's right to participate, we hold that the order did not deprive the court of common pleas of jurisdiction as a result of Ellis's alleged failure to file a timely appeal under R.C.4123.512.
 FACTS
Ellis contracted occupational asthma, an occupational disease, in the course of and arising out of his employment with G. E. His condition was medically diagnosed on July 9, 1990. On October 23, 1990, he filed a claim for workers' compensation benefits and was assigned claim number OD41646-22. He continued to work until July 31, 1991, when he quit on account of his occupational asthma. On January 13, 1993, the Board of Review allowed his claim for the condition of occupational asthma. The order stated that no compensable lost time was associated with the claim. Ellis did not appeal, and thereafter he received no compensation benefits. Pursuant to the board's finding of no compensable lost time, his claim was treated as a "medical only" claim.
On September 3, 1996, more than six years after the date of the medical diagnosis of occupational asthma, Ellis filed an application with the Industrial Commission for PTD compensation, stating that the last day he had worked was July 31, 1991. He attached to his application a report, dated June 10, 1996, in which Dr. Margaret Atterbury stated that Ellis was unable to engage in sustained remunerative employment. A staff hearing officer (SHO) of the Industrial Commission dismissed Ellis's application for compensation for PTD compensation by an ex parte
order, mailed June 16, 1998, stating the following:
 It is hereby ordered that the claimant's IC-2 filed 9/3/96 be dismissed as claim 94-583551 has been disallowed. Therefore there is no live claim that warrants processing of the IC-2 Application for Permanent Total Disability filed 9/3/96.
Ellis did not appeal the SHO's order. Instead, he filed a request for reconsideration with the Industrial Commission. Reconsideration was denied without a hearing by an SHO on July 13, 1998.
Ellis then filed a C-86 motion requesting the Industrial Commission to exercise continuing jurisdiction under R.C. 4123.52
to reinstate his application for compensation for PTD, pursuant to R.C. 4123.52, by correcting his date of disability from July 9, 1990, the date of diagnosis, to July 31, 1991, the date he quit work on account of the occupational asthma. The district hearing officer conducted a hearing, noted that the Board of Review had found that there was no compensable lost time associated with the claim, and denied Ellis's motion, using the July 9, 1990, date of diagnosis to apply the six-year limitations period and holding that the period had expired on July 9, 1996. On January 28, 1999, an SHO affirmed the district hearing officer's order and determined that the date of disability initially determined by the board on January 13, 1993 was res judicata. When further appeal was refused by the Industrial Commission, Ellis appealed the January 28, 1999, decision of the SHO to the court of common pleas.
The trial court concluded, "[T]he Staff Hearing Officer's June 16, 1998 order denying plaintiff's claim constituted a decision regarding the plaintiff's right to participate and was only properly appealable to a respective common pleas court." Because Ellis had not appealed that order within sixty days as provided by R.C. 4123.512, the trial court concluded that it did not have jurisdiction.
 STANDARD OF REVIEW FOR CIV.R. 12(B)(6)
In the consideration of a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6), the factual allegations of the complaint must be presumed true and all reasonable inferences drawn in favor of the plaintiff. See Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. Dismissal by the trial court is appropriate only when it appears beyond doubt from the complaint that no set of facts in support of the claim can be proved entitling the plaintiff to relief. See O'Brien v.University Community Tenants Union (1975), 42 Ohio St.2d 242,327 N.E.2d 753, syllabus. Dismissal of a complaint for failure to state a claim presents only legal issues and is reviewed de novo
on appeal. See Witcher v. Fairlawn (1996), 113 Ohio St.3d 214,216, 680 N.E.2d 713, 714.
 FIRST ISSUE PRESENTED
This appeal presents an issue that appears to be of first impression: whether the SHO's March 3, 1999, order refusing appeal from the SHO's order of January 25, 1999, that had denied Ellis's C-86 motion to change the date of onset was an appealable order under R.C. 4123.512.
 DISCUSSION
1. The June 16, 1998, Order
The filing of a notice of appeal within sixty days in the court of common pleas, as provided by R.C. 4123.512, is a jurisdictional requirement attended by a duty of strict compliance. See Skiba v.Connor (1983), 5 Ohio St.3d 147, 449 N.E.2d 775. Decisions and orders going to a claimant's right to participate or to continue to participate must be appealed to the court of common pleas. SeeState ex rel. Hinds v. Indus. Comm. (1999), 84 Ohio St.3d 424,704 N.E.2d 1222.
The text of the SHO's June 16, 1998, ex parte order is internally ambiguous. It does not state that claim OD41646-22, the claim at issue, had expired, but rather that Ellis's September 3, 1996, application for PTD compensation was dismissed as "claim 94-583551" was disallowed. The error in the order was that there was no live claim because the SHO had dismissed an application for PTD compensation. Unless the text of the order specified that claim OD41646-22 was disallowed, it did not constitute a decision regarding Ellis's right to participate.
To facilitate an appeal, R.C. 4123.522 provides that a claimant is entitled to written notice of any order or decision. Implicit in that guarantee is the assumption that the notice will be adequate to provide meaningful review of the issues. For the same reason that the supreme court requires decisions of Boards of Review or the Industrial Commission to articulate the evidence relied on for sufficiency review, see State ex rel. Mitchell v.Robbins Myers (1983), 6 Ohio St.3d 481, 483, 453 N.E.2d 721,724, erosion of the statutory right of appeal should not be permitted by narrow construction of internally ambiguous administrative orders. Any ambiguity should be resolved in favor of the claimant, consistent with this state's public policy, announced by the General Assembly in R.C. 4123.95, of construing the law liberally in favor of injured employees. See Jacobs v.Teledyne, Inc. (1988), 39 Ohio St.3d 168, 171, 529 N.E.2d 1255,1259.
The text of the ex parte order of June 16, 1998, not only mistakenly refers to "claim 94-583551" instead of claim number OD41646-22, but differs notably from the SHO's orders of December 17, 1998, and January 25, 1999, by its silence concerning Ellis's right to appeal. Furthermore, the SHO's order of March 3, 1999, unlike the ex parte order of June 16, 1998, advised him of his right to appeal to the court of common pleas within sixty days, as required by R.C. 4123.512. Admittedly, no statute requires the Industrial Commission to inform a claimant of the right to appeal, but if it deemed the ex parte order to be appealable, the Industrial Commission should have followed its customary procedure and informed Ellis of his right to appeal.
G.E. argues that Ellis was put on notice that claim number OD41646-22 was a dead claim because the order's caption made reference to claim OD41646-22 next to "claim number" and "claim heard." In Morris v. Children's Hospital Medical Ctr. (1991),73 Ohio App.3d 437, 441, 597 N.E.2d 1110, 1112, we said, "[T]he caption of a pleading is not controlling. It is, instead, the substance of a pleading that determines its operative effect." As R.C. 4123.512(D) provides that the Rules of Civil Procedure apply to appeals of the Industrial Commission's orders, the pleadings and the commission's orders should be construed in the same manner as in other civil cases unless the statutes provide otherwise. The preparation of an order is the responsibility of the Industrial Commission, and a nebulous order should not preclude either a claimant or an employer from exercising appellate rights.
The second reason why the ex parte order was not appealable under R.C. 4123.512 is that the SHO could not determine ex parte
Ellis's right to participate. An SHO derives authority to issue orders from the relevant statutes supplemented by the Ohio Administrative Code. As provided in R.C. 4121.35(B)(1), an SHO is granted original jurisdiction to "hear and decide" certain specific matters, including applications for PDT compensation. There is no provision that gives an SHO authority to determine the right to participate without a hearing. "Contested claims matters, disputed issues or claims, and appeals * * * shall be set for hearing before the district hearing officers, SHO or the industrial commission." Ohio Admin. Code 4121-3-09(C)(1).
G.E.'s assertion that, in the exercise of original jurisdiction, the SHO's ex parte order of dismissal was consistent with administrative guidelines for processing PTD applications, under Ohio Admin. Code 4121-3-34, is overly broad. It cites Ohio Admin. Code 4121-3-34(C)(1), which authorizes dismissal of a PTD application if the claimant does not submit minimum medical evidence such as an opinion from a physician, psychologist, or psychiatric specialist that the claimant will never return to his or her former position or to work. G.E. also cites Ohio Admin. Code 4121-3-34(C)(6) and (E), which authorize "tentative orders" adjudicating the merits without a hearing unless the claimant or employer objects. Reliance on these processing guidelines as authority for an SHO to bypass a hearing is in direct conflict with R.C. 4121.35(B)(1), which grants original jurisdiction to an SHO to "hear and decide" applications for PTD compensation.
Therefore, pursuant to R.C. 4121.512, the SHO's ex parte order was not effective without a hearing. As there was no hearing, it was not a decision regarding Ellis's right to participate.
Reliance by the trial court upon State ex rel. Hinds v. Indus.Comm. (1999), 84 Ohio St.3d 424, 704 N.E.2d 1223, was misplaced.Hinds holds that appeal to the court of common pleas is required where the Industrial Commission's decision has ruled that the claimant's right to participate is barred by the limitations period of R.C. 4123.52. Unlike the instant case, however, Hinds
involved a valid order rather than the propriety of an ex parte
order used to terminate a claim in lieu of a hearing.
2. Due Process
Ellis also argues that the SHO's June 16, 1998, ex parte order, if construed to determine his right to participate, deprived him of due process. The essential elements of procedural due process are notice and an opportunity to respond. See Cleveland Bd. ofEdn. v. Loudermill (1985), 470 U.S. 532, 546, 105 S.Ct. 1487,1494. Where revocation of public-assistance benefits is the issue, the United States Supreme Court has concluded that the fundamental requisite of due process is the opportunity to be heard at a meaningful time, in a meaningful manner. See Goldbergv. Kelly (1970), 397 U.S. 254, 90 S.Ct. 1011. Accordingly, due process in any proceeding that is to be accorded finality requires notice reasonably calculated, under all circumstances, to apprise all interested parties of the pendency of the action and to afford them an opportunity to present their objections. See Galt Alloys,Inc. v. Keybank Natl. Assn. (1999), 85 Ohio St.3d 353, 357,708 N.E.2d 701, 705, quoting Mullane v. Cent. Hanover Bank Trust Co.
(1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657. Although the Industrial Commission is vested with broad powers, fundamental fairness requires that a decision terminating a claimant's substantive rights be made only after a reasonable opportunity to be heard rather than by administrative fiat. If Ellis raised a legitimate issue concerning the date of disability for calculating the six-year limitations period pursuant to R.C. 4123.52, he was entitled to a hearing, an order, and an appeal from that order.
 THE SIX-YEAR LIMITATION PURSUANT TO R.C. 4123.52
The next issue is whether Ellis's medical-only claim expired. Its resolution depends on whether he took no action within six years after the date of injury, as required by former R.C.4123.52:
 No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six-years from the date of injury in the absence of payment of medical benefits under this chapter, in which event the modification, change, finding, or award shall be made within six-years after payment of medical benefits, or in absence of payment of compensation.
The six-year limitation has been held to apply equally to injury claims and to occupational-disease claims. See Jacobs v.Teledyne, Inc. (1988), 39 Ohio St.3d 168, 172, 529 N.E.2d 1255,1260, citing State ex rel. Timken Roller Bearing Co. v. Indus.Comm. (1939), 136 Ohio St. 148, 24 N.E.2d 448. For an occupational disease, the "date of injury" is "the date on which (1) the claimant first became aware through medical diagnosis that he or she was suffering from such disease, or (2) the date on which claimant first received medical treatment for such disease, or (3) the date claimant first quit work on account of such disease, whichever date is latest." White v. Mayfield (1988),37 Ohio St.3d 11, 523 N.E.2d 497, syllabus.
If, as Ellis argues, the date of his disability was the date he quit work on account of his occupational disease, the six-year term ran from July 31, 1991, not from July 9, 1990, the date of diagnosis of his occupational asthma. Therefore, September 3, 1996, the date he filed his application for permanent total disability, was the appropriate date from which to calculate whether he had a "live claim" in light of former R.C. 4123.52. The SHO's ex parte order of June 16, 1998, made no reference to the date of disability, but, citing to the date of diagnosis, incorrectly determined that "no live claim warrants the processing of the IC-2." Ellis was then still within the six-year limitations period based on the syllabus in White.
G.E. attempts to qualify the application of White to R.C.4123.52 because in White the supreme court was interpreting the meaning of "disability" in R.C. 4123.85. It contends that "no compensable lost time" occupational-disease claims are distinguishable from "disability," as the "date of injury," used in R.C. 4123.52, is different from the date of "disability," used in R.C. 4123.85. The distinction it argues is evident by comparison of "no compensable lost time" claims, subject to the six-year limit of R.C. 4123.52, with those claims where compensation has been paid, which are subject to a ten-year limitation. G.E.'s subtle argument, it maintains, is justified by reference to permanent partial disability under R.C. 4123.57, which, unlike R.C. 4123.52, makes no distinction for "no compensable lost time" or "medical only" claims.
The argument, however, is at odds with the syllabus of Jacobsv. Teledyne, Inc., in which the supreme court held that R.C.4123.52 is not applicable to occupational-disease claims where the claims are approved, but no compensation is allowed because the claimant is not totally disabled. In Jacobs, the claimant filed a second claim nine years after his first allegation that his silicosis had resulted in permanent disability. Holding that R.C.4123.52 is not applicable to occupational-disease claims that require total disability to be compensable, the supreme court stated in its justification, "To deny appellant the opportunity to present his claim because he suffers from a disease that slowly develops by strictly applying R.C. 4123.52 would simply be bad law and would be repugnant to the legislative intent expressed in R.C.4123.95." Therefore, we agree with Ellis that, for the purpose of an occupational disease, date of injury and date of disability are synonymous under R.C. 4123.52.
The court of common pleas' reliance on the Board of Review's finding that Ellis's claim was treated as a "medical claim" because no compensable lost time was present is not disposative of his appeal. Ellis continued to work after his claim was approved and was not entitled to compensable lost time. While his condition was disabling, it was not expected to improve. Therefore, he would not have been eligible for temporary total compensation for his occupational asthma under R.C. 4123.56, as his condition was at "maximum medical improvement." G.E.'s argument that Ellis should have appealed the date of disability in the order of January 13, 1993, because of the finding of no compensable lost time lacks merit. It is doubtful that Ellis was then an aggrieved party, as the Board of Review had allowed his claim for an occupational disease.
The SHO's original ex parte order terminating Ellis's claim was not res judicata if the parties, absent a hearing, did not have an adequate opportunity to litigate whether the claim OD41646-22 had expired, as provided in R.C. 4123.52, on a date of injury of July 9, 1990 or on the date he quit work on July 31, 1991. Accordingly, the order of June 16, 1998, did not constitute a decision regarding Ellis's right to participate with respect to claim number OD41646-22 and was void. See Superiors Brand v.Lindley (1980), 62 Ohio St.2d 133, 135, 403 N.E.2d 996, 999. Under these circumstances, an appeal within sixty days under R.C.4123.512 was not required.
Finally, G.E. contends that mandamus is the appropriate remedy to raise issues of the Industrial Commission's continuing jurisdiction, because PTD relates to the extent of disability. See State ex rel. Saunders v. Metal Container Corp. (1990),52 Ohio St.3d 85, 556 N.E.2d 168. G.E.'s interpretation of Saunders
is overly broad, as the supreme court's holding is directed to mistaken omissions from orders that do not relate to the claimant's right to participate. Since, in those cases, there has been no hearing on the issue of PTD, should the decision stand, the claimant would have no right to participate. In any event, the controlling issue in this appeal relates to the finding by the court of common pleas that it lacked jurisdiction because Ellis had not appealed the SHO's ex parte order of June 16, 1998. Ellis's single assignment of error is sustained.
Therefore, the judgment of the trial court granting the motion to dismiss for lack of jurisdiction is reversed, and this cause is remanded to the trial court for further proceedings consistent with this Opinion.
Judgment reversed and cause remanded.
 HILDEBRANDT, P.J., and SUNDERMANN, J., concur.