I respectfully dissent. Appellant has argued that the doctrine of resjudicata does not preclude him from litigating his claims of breach of contract and tortious interference with a contract. Specifically, on appeal he contends that the initial administrative proceeding was not fully litigated. I would hold that Appellant had the opportunity to raise this argument on his first appeal; therefore, the arguments are barred byres judicata.
The Supreme Court of Ohio noted in Rogers v. Whitehall (1986),25 Ohio St.3d 67, 69, that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." The Supreme Court further noted in National Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60,62, that "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." As stated in Henderson v. Ryan (1968), 13 Ohio St.2d 31,38 "[t]o save time and to relieve court congestion, parties are encouraged, if not commanded, to litigate all their claims in one action, except to the extent that joinder of multifarious and complex issues would produce confusion and prejudice."
The trial court in this case granted summary judgment in favor of the Board. The court found that the claims in question were fully litigated and res judicata precluded further litigation. Additionally, the court found that Appellant failed to assert a cause of action for tortious interference with a contract.
In the initial proceedings, the trial court addressed Appellant's assigned errors as raised in his briefs; namely, whether the Board complied with the provisions of R.C. 121.22 and whether the Board had sufficient cause to terminate Appellant's contract. In the subsequent appeal, Appellant argued to this court that the trial court had erred in finding that the Board's decision to terminate Appellant was constitutional and supported by a preponderance of reliable, probative, and substantial evidence.
The underlying facts in this case are identical to those which led to the administrative appeal in the Summit County Court of Common Pleas and the first appeal to this court. Therefore, Appellant's assertion regarding the alleged inadequate litigation of the administrative proceedings is not an issue to be decided in a newly filed action, but an issue which should have been raised on appeal from the initial proceeding. The question herein is not whether Appellant actually litigated the issue involved, but whether he had the opportunity to litigate it. See Jacobs v. Teledyne, Inc. (1988), 39 Ohio St.3d 168,169. Appellant had that opportunity in this case on his first appeal. Since Appellant apparently chose not to assert this ground for relief in the first appeal, he is barred by res judicata from asserting it here.
Based on the foregoing, the trial court did not err in finding that these claims were barred by res judicata and granting summary judgment in favor of the Board. Although the trial court granted the motion for summary judgment for different reasons than those stated above, "we will not reverse a correct judgment merely because of an erroneous rationale."State ex rel. Gilmore v. Mitchell (1999), 86 Ohio St.3d 302, 303. Therefore, I would overrule Appellant's assignments of error and affirm the judgment of the trial court.