DECISION AND JUDGMENT ENTRY
{¶ 1} James Althof ("Appellant") appeals the decision of the Gallia County Court of Common Pleas dismissing his administrative appeal of the State Board of Psychology's Order, which revoked his license to practice psychology in Ohio, for lack of jurisdiction. Appellant contends that he was entitled to file his administrative appeal in Gallia County because he had a place of business in that location. Because we find that he did not have a "place of business" in Gallia County, and because we find the issue is res judicata, we dismiss the appeal.
 {¶ 2} Appellant is a licensed psychologist in the State of Ohio. The State of Ohio Board of Psychology ("Appellee") initiated disciplinary action against Appellant on December 9, 2002, following a board investigation into allegations made by three of Appellant's former female clients. Appellant was afforded a full adjudicatory hearing, which took place on June 24-26, 2004, August 28, 2004, and October 11, 2004. Subsequently, Appellee determined Appellant committed several professional violations directly related to patient care, and on October 21, 2004, issued an Adjudication Order revoking Appellant's license for a minimum of five years and permanently restricting him from providing psychological services to females.
 {¶ 3} On October 28, 2004, Appellant filed a Notice of Appeal and a Motion for a Stay in the Gallia County Court of Common Pleas. On November 4, 2004, Appellee filed a Motion to Dismiss Appellant's administrative appeal for lack of jurisdiction. On November 18, 2004, Appellant filed a Memorandum in Opposition to Appellee's motion. The same day, the Gallia County Court of Common Pleas held a hearing on Appellant's Motion for a Stay and Appellee's Motion to Dismiss. Appellant was given the opportunity to present oral argument and testimony. Following testimony by Appellant, his ex-wife, and oral argument of counsel, the Gallia County Court of Common Pleas granted Appellee's Motion to Dismiss. The decision was journalized on November 24, 2004.
 {¶ 4} Immediately upon journalization of the decision of the Gallia County Court of Common Pleas, Appellant filed a second appeal of Appellee's order in the Franklin County court system. The Franklin County Court of Common Pleas issued a stay of Appellee's order revoking Appellant's license pending appeal. Before that court, Appellant challenged Appellee's Order, Issued on October 21, 2004, raising nine assignments of error and alleging that the Order was not supported by reliable, probative, and substantial evidence, and that it was not in accordance with the law. On October 4, 2005, the Franklin County Court of Common Pleas denied each assignment of error and affirmed Appellee's Order.
 {¶ 5} Appellant now appeals the Gallia County Court of Common Pleas' dismissal of the appeal for lack of jurisdiction, setting forth one issue for review:
 {¶ 6} "WHETHER THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION WHEN ALL OF THE EVIDENCE SHOWED THE APPELLANT HAD A PLACE OF BUSINESS IN GALLIA COUNTY, OHIO AND WAS THEREFORE ENTITLED TO FILE HIS ADMINISTRATIVE APPEAL IN THAT COUNTY PURSUANT TO R.C. 119.12."
 {¶ 7} We begin our discussion by addressing the applicable standard of review in the case sub judice. Subject matter jurisdiction connotes the power to hear and decide a case upon its merits. State ex rel. Rothal v. Smith (2002),151 Ohio App.3d 289, 313, 2002-Ohio-7328 at ¶ 110. Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case. Id., citing Statev. Swiger (1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. Further, jurisdiction does not relate to the rights of theparties, but to the power of the court." Rothal,
151 Ohio App.3d at ¶ 110, citing State ex rel. Tubbs Jones v. Suster
(1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002. Appellate review of a trial court's dismissal of an action for lack of subject-matter jurisdiction is a question of law that is reviewed independently of a trial court's analysis and decision. BPExploration Oil, Inc. v. Ohio Dept. of Commerce (2005), Franklin App. No. 04AP-619, 04AP-620, 2005-Ohio-1533 at ¶ 7, citing Gary Phillips Assoc. v. Ameritech Corp. (2001),144 Ohio App.3d 149, 154, 759 N.E.2d 833.
 {¶ 8} The portion of R.C. § 119.12 at issue in this case reads:
Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident[.]"
 {¶ 9} Appellant argues that the Gallia County Court of Common Pleas had subject matter jurisdiction over his appeal because he, as a licensee, had a "place of business" in Gallia County. He also argues that pursuant to R.C. 119.12, he has the right to appeal in two counties, including Franklin County, his place of residence, and Gallia County, his claimed place of business.
 {¶ 10} The primary duty of a court in construing a statute is to give effect to the intention of the [l]egislature in enacting it. Humphrys v. Winous Co. (1956), 165 Ohio St. 45, 49,133 N.E.2d 780, citing Cochrel v. Robinson (1925),113 Ohio St. 526, 149 N.E. 871. In determining that intention, a court should consider the language used and the apparent purpose to be accomplished, and then such construction should be adopted which permits the statute and its various parts to be construed as a whole and gives effect to the paramount object to be attained. Id. Applying these concepts to R.C. 119.12, the legislature's use of the word "or" strongly connotes the concept that a licensee must choose either the court of common pleas located in the county of his or her place of business, or the court of common pleas located in his or her county of residence, as determined at the time of filing, in which to file an appeal. In our view, filing in both jurisdictions is not an available option, is duplicitous, and is condescending to this court.
 {¶ 11} Filing multiple appeals in different counties constitutes forum shopping, a tactic condemned by the judicial system. In Cos, Inc. v. Liquor Control Comm'n (1993), 1993 WL 317468, *2, the Eleventh District Court of Appeals addressed a party's attempt to file multiple appeals pursuant to R.C. 119.12; it stated:
R.C. 119.12 contemplates the selection of one court from the alternatives given. Furthermore, R.C. 119.12 contemplates the filing of an original notice of appeal with the agency, followed by the filing of a copy of this notice with the selected court. Appellant's practice of filing multiple notices of appeal does not comply with the spirit or intent of the statue and serves only to create confusion and unnecessarily congest judicial dockets.
 {¶ 12} As noted by the Eleventh District, R.C. 119.12
provides the Appellant with an option to file an appeal in his or her county of residence or place of business, but does not afford Appellant the opportunity to file dual appeals. Such dual appeals advance the unfavorable practice of forum shopping and are not provided for by the language of the statute. In the case sub judice, Appellant filed appeals in both Franklin and Gallia counties. Appellant contends that the statute provides for appeals in both his county of residence and his place of business. This is an impermissible reading of R.C. 119.12, as the plain language of the statute indicates that an appellant must choose between the permissible jurisdictions, selecting only one for his appeal. By filing appeals in both Franklin and Gallia counties, Appellant has, in essence, impermissibly shopped for a favorable forum. This is an inappropriate attempt by Appellant to locate a favorable decision after receiving an undesirable one in the court he initially argued was the appropriate forum.
 {¶ 13} Additionally, any decision on the merits by our court is now precluded by res judicata. The applicability of res judicata is a question of law that is subject to de novo review.Rehawangi v. Alsamman (2004), 2004 Ohio 4083. The doctrine of res judicata involves both claim preclusion (also known as estoppel by judgment) and issue preclusion (traditionally known as collateral estoppel). Grava v. Parkman Twp. (1995),73 Ohio St. 379, 380. Both theories of res judicata are used to prevent relitigation of issues already decided by a court on matters that should have been brought as part of a previous action. Lasko v.Gen. Motors Corp. (2003), 2003 Ohio 4103. A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action.Grava, 73 Ohio St.3d at 382. In Set Products, Inc. v.Bainbridge Twp. Bd. of Zoning Appeals, (1987),31 Ohio St.3d 260, 261, the Supreme Court of Ohio held that res judicata, whether collateral estoppel or claim preclusion, applies to those administrative proceedings that are "of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceeding." Res judicata should be applied with flexibility in administrative proceedings. Jacobsv. Teledyne, Inc. (1988), 39 Ohio St.3d 168, 171. It should be qualified or rejected when its application would contravene an overriding public policy or result in manifest injustice. Id.
 {¶ 14} In this instance, during the same time he filed an appeal with this court, Appellant filed a Notice of Appeal in the Franklin County Court of Common Pleas, his place of residence, pursuing his administrative appeal in that jurisdiction in accordance with R.C. 119.12. Appellant challenged the Board's order before that court, asserting nine assignments of error alleging that the order was neither supported by reliable, probative, and substantial evidence, nor was in accordance with the law. On October 4, 2005, the Franklin County Court of Common Pleas issued a decision on the merits, denying each of Appellant's assignments of error and affirming the Board's order. Because Franklin County has rendered a decision on the merits in the case sub judice, res judicata prevents our court from deciding Appellant's administrative appeal on the merits.
 {¶ 15} Further, Appellant alleges that his appeal in Gallia County was proper, as he has a "place of business" in Gallia County, as set forth in R.C. 119.12. The term "place of business" as used in R.C. 119.12 is not defined in the text of the statute. The statute directs that an appellant "may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident[.]" Appellant testified that he was a contract employee with Althof Associates, which is located in Gallia County. He works only twice a month for a period of a few hours in Gallia County, providing biofeedback, which is a service that is not regulated by the Board, in conjunction with cognitive behavioral therapy. At the time of the appeal, Appellant's regular place of business and practice were located in Franklin County, not Gallia County. He rendered regulated services to his patients on a consistent, full time basis in Franklin County; he did not take the same course in Gallia County. Because Appellant's contact with Gallia County is so minimal, and because he is merely a contract employee providing services for a short period of time only twice per month in Gallia County, he cannot be deemed to have a "place of business" in Gallia County for the purpose of establishing proper jurisdiction in Gallia County under R.C. 119.12. The trial court, therefore, properly held that it did not have jurisdiction in the matter, and dismissed Appellant's administrative appeal. Therefore, as the trial court properly held that it had no jurisdiction under R.C. 119.12 to hear Appellant's appeal, and because the issue is res judicata, we now dismiss the appeal for the foregoing reasons.
Appeal Dismissed.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.