[Cite as *Fisher v. Ironton*, 2014-Ohio-5462.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| TWANA FISHER, | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | Case No. 14CA10 |
| v. | : | |
| | : | DECISION AND |
| CITY OF IRONTON, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellee. | : | Released: 12/08/2014 |

_____

APPEARANCES:

Twana Fisher, Ironton, Ohio, pro se appellant

Jennifer L. Wilson and Kenneth E. Harris, FREUND, FREEZE & ARNOLD, Columbus, Ohio, for appellee.

_____

Hoover, J.:

{¶ 1} Appellant Twana Fisher appeals a judgment from the Lawrence County Court of Common Pleas that dismissed her personal injury lawsuit against the City of Ironton ("the City"). In the court below, Fisher filed a complaint identical to the one she had filed in a previous 2009 litigation against the City. In the 2009 case, the trial court granted the City's motion for summary judgment. Fisher did not appeal the trial court's summary judgment decision. In the case before us now, the trial court granted the City's motion to dismiss because Fisher brought the same claim that was raised in the previous 2009 lawsuit. For the following reasons, we affirm the judgment of the trial court.

{¶ 2} In December 2013, appellant Twana Fisher filed a handwritten document declaring: "I, Twana, Fisher, am writing this because I received a letter stating that ODOT is not the right party as a Defendant. The City of Ironton is the right party to sue. My filing fees will be waived

as I receive S.S.I. as I understand. My proof of income is enclosed." In response, the City of

Ironton filed a motion for a more definite statement. The City also filed a motion to dismiss all

the claims brought by Fisher.

{¶ 3} At a February conference hearing, the City raised the issue about whether Fisher's

claims had already been settled in 2009. Fisher explained that she filed a lawsuit against the Ohio

Department of Transportation ("ODOT") in the Court of Claims and the State told her to file

against the City. Fisher also explained that she knew the previous case was dismissed with

prejudice but stated that her attorney did not care; thus, she was pursuing a malpractice lawsuit.

The City and the trial court determined that the previous 2009 lawsuit ended when the court

granted summary judgment to the City. The trial court explained to Fisher that she may not have

a valid claim and that she had four weeks to file a more definite statement. In March, Fisher filed

a copy of the complaint filed in the 2009 lawsuit except the case number (09PI158) was crossed

out with the new case number (13PI943) written above it.

{¶ 4} A hearing on the motion to dismiss was held at the end of March 2014, where the

following discussion occurred:

COURT: But we're all talking about an event that took place on June the 4th of

2008 correct?

FISHER: Yes.

Court: Um-huh

***

COURT: Well it appears by everything that I've been presented and your

complaint that you have filed recently again…

FISHER: Right.

COURT: Um, these are all matters that we've litigated in this Court before.

FISHER: Uh-huh.

COURT: Well you only get one bite of the proverbial apple.

FISHER: Uh-huh.

COURT: And that was dismissed years ago and there's no mechanism that I'm aware of under the law that would allow you to come back and try to litigate that issue again.

The trial court granted the City's motion and dismissed Fisher's claims with prejudice. Now, Fisher appeals the decision of the trial court.

{¶ 5} Appellant Fisher does not present, in her appellate brief, an assignment of error. She does present the following issue: "The court did not take into consideration the Plaintiff's documentations and evidence of medical issues provided. The Courts did not consider the Plaintiff's long term health problems from this incident that was fault of the company or workers on the road of June 4th, 2008." Under App.R. 16(A)(3), an appellant's brief is to contain a statement of the assignment of errors. We could disregard this appeal pursuant to App.R. 12(A)(2) for this omission. However, in the interests of justice, we will evaluate Fisher's argument.

{¶ 6} A majority of Fisher's appellate brief describes the alleged events of June 4, 2008. Fisher states that she was driving down 12th street when her car slid into a hole made by the City. She alleges that the street should have been completely blocked. Fisher claims that she suffers persistent back problems as a result of the accident. As far as arguments for her appeal, Fisher states: "the Judge has not heard out the case properly or reviewed any of the information properly." Fisher adds: "The plaintiff is appealing all dismissals of this case."

{¶ 7} However, the issue of res judicata bars consideration of appellant Fisher's argument on appeal. "The applicability of res judicata is a question of law that is subject to de novo review." *Bell v. Turner*, 4th Dist. Highland Nos. 12CA14 & 12CA15, 2013-Ohio-1323, ¶ 14 quoting *Althof v. State,* 4th Dist. Gallia No. 04CA16, 2006-Ohio-502, ¶ 13. "Res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated." *Bank of New York v. Jackson,* 8th Dist. Cuyahoga No. 99874, 2013-Ohio-5133, citing *Rogers v. Whitehall,* 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986).

{¶ 8} The evidence here demonstrates that this claim has already been litigated. From the statements made at the two conference hearings and Fisher's appellate brief, it is clear that this lawsuit presents the same claims as the 2009 lawsuit. Fisher filed a complaint in the Lawrence County Court of Common Pleas against the City on February 23, 2009, case number 09PI158. The City has provided, as an exhibit, the "Agreed Nunc Pro Tunc Order and Entry" granting summary judgment in favor of the City in case number 09PI158. This entry was never appealed. " 'If a final appealable order is not timely appealed, all matters that could have been reviewed had an appeal been taken become res judicata and are not reviewable in a related or subsequent proceeding or appeal.' " *Parker v. Jamison,* 4th Dist. No. 02CA2857, 2003–Ohio–7295, ¶ 10, quoting *Jeffers v. Jeffers,* 10th Dist. No. 00AP–442, 2001 WL 118530, *3 (Feb. 13, 2001). Therefore, to any extent that Fisher is attempting to appeal matters in the case 09PI158, the appropriate time for that filing has long since expired.

{¶ 9} In response to the City's motion for a more definite statement, in this case, Fisher filed a copy of her complaint from case 09PI158, crossed out that number, and wrote "13PI943" above. Fisher's own words at the March hearing indicate that the current lawsuit concerns the events of June 4, 2008. On appeal, Fisher has not provided any argument or evidence that this

case presents any new issue to be litigated before the trial court. Accordingly, we find Fisher's

argument barred by res judicata. We affirm the judgment of the trial court in dismissing this

action with prejudice.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

By:_____
     Marie Hoover, Judge


**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.