[Cite as *Deutsche Bank Natl. Trust Co. v. Vigue*, 2017-Ohio-7037.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, As Trustee, in Trust for the registered holders of Morgan Stanley ABS Capital I Inc., Trust 2004-HE2, Mortgage Pass-Through Certificates, Series 2004-HE2, | : : : : | No. 16AP-816 (C.P.C. No. 15CV-7674) |
| Plaintiff-Appellee, | : | (REGULAR CALENDAR) |
| v. | : | |
| Dawn L. Vigue, et al., | : | |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on August 1, 2017

**On brief:** *Carpenter, Lipps, & Leland, LLP, David A. Wallace*, and *Tyler K. Ibom*, for appellee. **Argued:** *David A. Wallace.*

**On brief:** *Michael H. Siewert*, for appellant, Dawn L. Vigue. **Argued:** *Michael H. Siewart.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Dawn L. Vigue, appeals an entry and foreclosure decree issued on October 31, 2016 by the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee, in Trust for the registered holders of Morgan Stanley ABS Capital I, Inc., Trust 2004-HE2, Mortgage Pass-Through Certificates, Series 2004-HE2. Vigue's claim that Deutsche Bank needed to have asserted its foreclosure claim against the original borrower's estate on his death in 2006 is unavailing for a number of separate and sufficient reasons which exist

No. 16AP-816

beyond the fact that Vigue did not offer any assignments of error in bringing this appeal for review. Accordingly, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 2, 2015, Deutsche Bank sued Vigue and other defendants not relevant to this appeal. (Sept. 2, 2015 Compl.) The complaint sought to obtain judgment on the outstanding balance of a note and to foreclose on a mortgage on residential real estate located at 6 South Otterbein Avenue, Westerville, Ohio 43081. *Id.* On December 4, 2015, Vigue answered denying every allegation in the complaint except that Mitchell Vigue (borrower and signatory of the note) was deceased as of September 15, 2006 and that Vigue had an interest in the subject property. (Dec. 4, 2015 Answer at ¶ 1; Compl. at ¶ 7-8.)

{¶ 3} Approximately seven months later, on July 22, 2016, Deutsche Bank moved for summary judgment. (July 22, 2016 Mot. for Summ. Jgmt.) In support of summary judgment, Deutsche Bank attached the affidavit of Bret Cline, an officer of Select Portfolio Servicing, Inc., which served as attorney-in-fact for Deutsche Bank. (Cline Aff. at ¶ 1, filed July 22, 2016.) Copies (which Cline averred were "true and correct") of the note (Exhibit A), mortgage (Exhibit B), assignments (Exhibits C-D), notice of default (Exhibit E), and payment history from February 1, 2014 to December 2, 2015 (Exhibit F), were attached to the affidavit. (Cline Aff. at ¶ 8; Exs. A-F.) These records showed that Mitchell Vigue (who was deceased as of September 15, 2006 according to the complaint and answer) signed a note on December 8, 2003 in favor of a lender, New Century Mortgage Corporation, promising to repay $95,000 and who, as security for repayment of the note, executed a mortgage in favor of New Century for the property located at 6 South Otterbein Avenue. (Exs. A-B to Cline Aff.) The stamp by the Franklin County Recorder on the first page of the mortgage reflects that it was recorded on December 11, 2003. (Mortgage at 1, Ex. B to Cline Aff.)

{¶ 4} New Century assigned the mortgage to Deutsche Bank as trustee for the holders of Morgan Stanley ABS Capital I, Inc., Trust 2004-NC2, Mortgage Pass-Through Certificates, Series 2004-NC2, on July 7, 2011, and this assignment was recorded on August 18, 2011. (July 7, 2011 Assignment, Ex. C to Cline Aff.) A corrective assignment was thereafter prepared on July 23, 2015, noting that the series and trust was 2004-HE2 rather than 2004-NC2. (July 23, 2015 Assignment, Ex. D to Cline Aff.) Cline averred, consistent with the notice of default and attached payment history records, that the loan went unpaid

starting on January 1, 2010, that the loan was in default, and that there remained an outstanding principle balance of $87,109.92 and a total balance (including all interest fees and other charges) of $144,566.70.  (Cline Aff. at ¶ 5-6; Payment History, Ex. F to Cline Aff.)

{¶ 5}  Vigue's response to Deutsche Bank's motion for summary judgment was supported by an affidavit vouching for the veracity of her arguments in opposition.  (Vigue Aff., filed Sept. 15, 2016.)  She argued that since the bank failed to make a claim through the Franklin County Probate Court against Mitchell Vigue's estate at the time of the disposition of his estate after his death in 2006, Deutsche Bank is forever barred from making such a claim.  (Sept. 15, 2016 Response in Opp. to Summ. Jgmt. at 1-2.)  Deutsche Bank replied that Vigue had not properly submitted any Civ.R. 56 evidence in opposition to the bank's motion and that, in any case, both statute and case law exempt actions on recorded liens (including mortgages) from the probate claims process.  (Sept. 19, 2016 Reply in Supp. of Summ. Jgmt. at 1-2.)

{¶ 6}  On October 31, 2016, the trial court granted summary judgment to Deutsche Bank in rem on the mortgage and entered a foreclosure decree.  (Oct. 31, 2016 Entry & Decree.)  In so doing, the trial court reasoned:

> The Court finds Defendant Dawn L. Vigue's argument that Plaintiff's claims against the subject property are forever barred because Plaintiff did not present its claims to the probate court pursuant to R.C. §2117.06(C) and within six months of the death of Mitchell T. Vigue, who executed the note and mortgage, is not well taken. In light of the holdings in *Weaver v. Bank of New York Mellon*, 10th Dist. No. 11AP-1065, 2012-Ohio-4373, and *BAC Home Loans Servicing, LP v. The Unknown Heirs of Ralph E. Mowery*, 10th Dist. No. 10AP-396, 2011-Ohio-1596, the Court finds Plaintiff's claims against the subject property are not claims against the estate of Mitchell T. Vigue under R.C. §2117.06 and the statutory limitations period of that section does not preclude Plaintiff's right to seek relief via foreclosure on the mortgage lien in this action. The Court further notes that, other than presenting an argument based on R.C. §2117.06, Defendant Dawn L. Vigue did not present any Civ.R. 56 evidence to dispute the validity of the note and mortgage, the default on the same, or the amount due. Accordingly, Plaintiffs Motion for Summary Judgment is hereby granted.

No. 16AP-816

*Id.* at 2-3.

{¶ 7}   Vigue now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 8}   The brief filed by Vigue's counsel does not contain assignments of error or a statement of issues presented for review as required by App.R. 16(A)(3) and (4).  Under Loc.R. 10(D) of the Tenth District Court of Appeals, failure to file assignments of error is cause to dismiss an appeal unless the appellant demonstrates that neither undue delay nor prejudice was caused by the failure to comply with the rules.  As Deutsche Bank has not raised the issue, we elect, in our discretion, to overlook this shortcoming and address the merits.  But we note that a potentially independent ground for the denial of appellate relief to Vigue would be the failure to set forth assignments of error.

## III.  DISCUSSION

{¶ 9}   Vigue argued at trial and now argues on appeal that Deutsche Bank is prevented from pursuing foreclosure against the property at 6 South Otterbein Avenue because the bank did not bring a claim against the estate of Mitchell Vigue within the relevant time period when his estate was probated.  (Vigue Brief at 6-9.)  Generally, the Ohio Revised Code requires creditors with claims against an estate to present their claims within six months of the death of the decedent; failure to timely bring the claims bars them. R.C. 2117.06(A) through (C).  But Vigue's argument does not apply to Deutsche Bank's claim.

{¶ 10}  Foreclosure is an equitable action brought in rem against real property for a defaulted debt that is secured by a mortgage.  Although proof of debt and default is required, a claim in foreclosure is against the property.  When the claim is in contract, such as on a note, it is against the debtor or his estate as an in personam action.  When an action is brought only in foreclosure, the necessary parties are those person(s) who hold an interest in the real property that secures the debt, since the action is against the property. Thus foreclosure is not an available remedy against an estate in personam under R.C. 2117.06.  We have previously explained these issues in cases factually similar to this.  *See, e.g.*, *Weaver v. Bank of N.Y. Mellon*, 10th Dist. No. 11AP-1065, 2012-Ohio-4373, ¶ 10-22; *BAC Home Loans Servicing, LP v. Heirs*, 10th Dist. No. 10AP-396, 2011-Ohio-1596, ¶ 15-19.  Thus, Deutsche Bank need not have asserted its foreclosure "claim" against Mitchell Vigue's estate.

No. 16AP-816

{¶ 11} In addition, the Revised Code makes clear that a lienholder whose lien is evidenced by a document admitted to public record, is not barred by a failure to timely present a claim to the estate. R.C. 2117.10. The mortgage in this case was recorded and would therefore be exempt from R.C. 2117.06, even if it were subject to it in the first place.

{¶ 12} Finally, there is also a practical timing problem with Vigue's argument. Mitchell Vigue was deceased (according to the complaint and Vigue's admissions in her answer) as early as September 15, 2006. (Compl. at ¶ 7; Answer at ¶ 1.) Yet the loan did not go unpaid until January 1, 2010. (Cline Aff. at ¶ 5.) While Deutsche Bank could have taken steps to ensure that any heirs of Mitchell Vigue assumed liability under the note as a condition of receiving the property, it is inapposite to argue that the bank should have tendered its "claim" to foreclose within six months of Mitchell Vigue's death in 2006 when it did not exist. The default on the debt secured by the property had not yet occurred and would not for years.

## IV. CONCLUSION

{¶ 13} Vigue has not asserted any assignments of error (which alone could merit dismissal of this appeal) and her argument that Deutsche Bank's foreclosure claim is barred since it was not asserted at the time of the borrower's death in 2006, is without merit for the several and independent reasons stated in this decision. We affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.