[Cite as *East v. McGhee*, 2017-Ohio-7619.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Christopher D. East, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 17AP-239 |
| v. | : | (C.P.C. No. 12JU-181) |
| Melissa L. McGhee, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 14, 2017

**On brief:** *Christopher D. East*, pro se. **Argued:** *Christopher D. East.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch.

KLATT, J.

{¶ 1} Plaintiff-appellant, Christopher D. East, appeals a shared parenting order issued by the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, that approved the parties' agreed shared parenting plan. For the following reasons, we affirm that judgment.

{¶ 2} Christopher D. East and defendant-appellee, Melissa L. McGhee, are the parents of a minor daughter. In 2016, both parties moved for a reallocation of their parental rights and responsibilities. On March 31, 2017, the parties filed with the trial court an amended agreed shared parenting plan. The trial court approved that plan in a shared parenting order issued April 3, 2017.

{¶ 3} East now appeals the April 3, 2017 judgment. East's appellate brief, however, does not include any assignments of error. Pursuant to App.R. 16(A)(3), an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Assignments of error are particularly important because appellate courts determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b).

{¶ 4} This court may dismiss an appeal that fails to set forth assignments of error. App.R. 3(A); Loc.R. 10(D) of the Tenth District Court of Appeals; *Deutsche Bank Natl. Trust Co. v. Vigue*, 10th Dist. No. 16AP-816, 2017-Ohio-7037, ¶ 8. We, nevertheless, will address East's arguments in the interest of justice.

{¶ 5} East argues that we should reverse the April 3, 2017 judgment because: (1) McGhee does not timely respond to his attempts to communicate with her; (2) the parenting time schedule interferes with the child's ability to attend extracurricular activities, and McGhee will not agree to modifications to accommodate the child's schedule; (3) McGhee has involved school officials in the parties' disputes; (4) McGhee does not administer a prescribed medication to the child and calls the child a liar when the child reports that she does not get the medication while in her mother's care; (5) McGhee should contribute more to cover the costs of items the child needs; and (6) McGhee's attorney and the guardian ad litem pressured him into agreeing to the amended shared parenting plan.

{¶ 6} To prevail on his arguments, East depends on his own description of events, as set forth in his appellate brief, and documents attached to that brief. However, "[a]ppellate review is limited to the record as it existed at the time the trial court rendered judgment." *Fifth Third Mtge. Co. v. Salahuddin*, 10th Dist. No. 13AP-945, 2014-Ohio-3304, ¶ 13. An appellant court cannot consider evidence that a party adds to the trial court record after judgment and then decide an appeal from that judgment based on the new evidence. *Id.*; *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 13. This prohibition arises from the maxim that " 'in an appeal on questions of law the reviewing court may consider only that which was considered by the trial court

and nothing more.' " *State v. Ishmail*, 54 Ohio St.2d 402, 405 (1978), quoting *Bennett v. Dayton Mem. Park & Cemetery Assn.*, 88 Ohio App. 98, 101 (2d Dist.1950).

{¶ 7}  Considering only record evidence, we conclude that East lacks any basis for his arguments.  Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

TYACK, P.J., and HORTON, J., concur.

————————————