[Cite as *In re S.S.*, 2018-Ohio-1249.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| S.S., | : | No. 17AP-681 |
| [S.G. | : | (C.P.C. No. 15JU-13229) |
| Appellant]. | : | (ACCELERATED CALENDAR) |
| | : | |
| In the Matter of: | | |
| | : | No. 17AP-682 |
| K.N. et al., | | (C.P.C. No. 15JU-13227) |
| [S.G. | : | |
| | : | (ACCELERATED CALENDAR) |
| Appellant]. | : | |
| | : | |

---

## D E C I S I O N

### Rendered on March 30, 2018

---

**On brief:** *John T. Ryerson*, for appellant.

**On brief:** *Robert J. McClaren*, for appellee Franklin County Children Services.

---

APPEALS from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

BROWN, P.J.

{¶ 1} S.G. ("mother"), appellant, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the court granted the motions of Franklin County Children Services ("FCCS"), appellee, for

permanent court commitment ("PCC") with regard to three sons, S.S., Ca.N., and C.N., Jr., and one daughter, K.N. (collectively "the children").

{¶ 2}   Mother and father, Ch.N. (collectively "the parents"), are the parents of all four children. On October 29, 2015, FCCS filed two complaints alleging the children were dependent, the parents had drug issues, and the children failed to attend school regularly. In January 2016, the trial court adjudicated the children dependent. FCCS was awarded temporary court commitment.

{¶ 3}   On June 29, 2016, FCCS filed a motion for PCC in each case. Based upon a conflict between the recommendation of the children's guardian ad litem ("GAL") and the wishes of the children, the GAL became attorney for the children, and the court appointed a new GAL.

{¶ 4}   The GAL filed reports on March 13, 2017, recommending that PCC be granted to FCCS. On April 21, 2017, FCCS refiled their motions for PCC alleging the children had been in the custody of FCCS for 12 months of a consecutive 22-month period.

{¶ 5}   On July 9, 2017, the GAL filed a report in each case, again recommending PCC be granted to FCCS. On the date of trial, July 10 2017, counsel for mother requested a one-day continuance because mother was out of town but would be traveling home that day, and the GAL did not comply with Sup.R. 48(F) and Loc.Juv.R. 4(D) of the Court of Common Pleas of Franklin County, Juvenile Branch, by filing her reports less than seven days prior to the trial date. The trial court granted the continuance until the next day to allow for mother's appearance at trial.

{¶ 6}   Trial commenced on July 11, 2017. Father was present, but mother did not appear. Mother's counsel did not ask for a continuance again based on the late filing of the GAL reports. Testimony was adduced and evidence presented, the details of which are not germane to the issues presently on appeal. On August 25, 2017, the trial court granted FCCS's motions for PCC. Mother appeals the trial court's judgment, asserting the following assignment of error:

> The Court below erred in granting the Motion for Franklin County Children Services (FCCS) for Permanent Custody, due to the fact that the case should have been continued or the testimony of the Guardian ad Litem stricken because of the

failure of the Guardian ad Litem to comply with the terms of Superintendence Rule 48 and Local Court Rule 4.

{¶ 7} Mother argues in her assignment of error the trial court erred when it did not continue the trial or strike the GAL's testimony because the GAL did not comply with Sup.R. 48(F) and Loc.Juv.R. 4(D) when she filed her report in each case less than seven days prior to the trial date. Sup.R. 48(F) provides:

Reports of guardians ad litem. A guardian ad litem shall prepare a written final report, including recommendations to the court, within the times set forth in this division. * * * In addition, the following provisions shall apply to guardian ad litem reports in the juvenile and domestic relations divisions of Courts of Common Pleas:

(1) In juvenile abuse, neglect, and dependency cases and actions to terminate parental rights:

* * *

(c) Unless waived by all parties or unless the due date is extended by the court, the final report shall be filed with the court and made available to the parties for inspection no less than seven days before the dispositional hearing.

(d) A guardian ad litem shall be available to testify at the dispositional hearing and may orally supplement the final report at the conclusion of the hearing.

Loc.Juv.R. 4(D) provides, in pertinent part:

(D)(3) Reports and court Appearances: A guardian ad litem shall be present at all hearings pertaining to the child(ren), and shall prepare a written final report, including recommendations to the court, within the times set forth in this division. * * * In addition, the following provisions shall apply to guardian ad litem reports:

In juvenile abuse, neglect, and dependency cases and actions to terminate parental rights:

* * *

(3) Unless waived by all parties or unless the due date is extended by the court, the final report shall be filed with the

> court and made available to the parties for inspection no less than seven days before the dispositional hearing.
>
> (4) A guardian ad litem shall be available to testify at the dispositional hearing and may orally supplement the final report at the conclusion of the hearing.

Thus, both Sup.R. 48(F) and Loc.Juv.R. 4(D) require the GAL to file a final report with the court no less than seven days before the dispositional hearing.

{¶ 8}   In the present case, the GAL filed reports in each case on March 13, 2017, recommending PCC be granted to FCCS. On July 9, 2017, the GAL filed another report in each case, again recommending PCC be granted to FCCS. The trial was to be held the next day, July 10 2017, but counsel for mother requested a continuance because: (1) mother was out of town but returning that day, and (2) the GAL did not comply with Sup.R. 48(F) and Loc.Juv.R. 4(D) by filing her reports less than seven days prior to the trial date. The trial court granted the continuance until the next day to allow for mother's appearance at trial. In its judgment, the trial court noted that although he admonished the GAL for failing to comply with Sup.R. 48(F), it took no further action because the reports filed on July 9, 2017 contained the same recommendations as the reports the GAL filed on March 13, 2017. Furthermore, the court found the untimely GAL reports filed on July 9, 2017 were not admitted into evidence and were not considered. The court also indicated that, even without considering the recommendation of the GAL, a legally secure permanent placement could not be achieved for the children without an order of PCC to FCCS.

{¶ 9}   Mother contends there is no language in Sup.R. 48 or Loc.Juv.R. 4 that provides an exception that the seven-day rule does not apply when the final report contains the same recommendations as an earlier report. Mother also cites the oft-repeated principle that the termination of parental rights is the family law equivalent of the death penalty in a criminal case and, thus, parents must receive every procedural and substantive protection the law permits. Furthermore, mother asserts any error was more than harmless error, because she was denied a crucial seven-day period to communicate with the GAL about her progress on the case plan, and mother was not aware of the recommendations of the GAL until the morning of the original trial date.

{¶ 10} In addition, mother urges this court to reject certain case law finding the Rules of Superintendence are only "internal housekeeping rules that do not create substantive rights in individuals or procedural law." *In re M.T.*, 12th Dist. No. CA2016-11-100, 2017-Ohio-1334, ¶ 44, quoting *In re B.J.*, 12th Dist. No. CA2016-05-036, 2016-Ohio-7440. Instead, mother encourages the court to follow *Nolan v. Nolan*, 4th Dist. No. 11CA3444, 2012-Ohio-3736. In *Nolan*, the appellate court found the trial court should have stricken the report and testimony of the GAL in a custody determination case because the GAL's investigation fell below the minimum standards established in Sup.R. 48 by failing to conduct proper interviews, perform visits, and investigate relevant details. The court acknowledged that " 'Ohio appellate courts have indicated that the Rules of Superintendence are general guidelines for the conduct of the courts and do not create substantive rights in individuals or procedural law.' " *Id.* at ¶ 26, quoting *In re K.G.*, 9th Dist. No. 10CA0016, 2010-Ohio-4399, ¶ 11. Thus, Sup.R. 48 does not have the force of law. *Id.* However, the court further stated:

> We do not believe * * * that Sup.R. 48 should be ignored. And here, where the guardian ad litem fell so far below the minimum standards of Sup.R. 48(D)(13), we fail to see how his testimony or report can be considered competent, credible evidence of the Child's best interests. Accordingly, we agree that the trial court abused its discretion by considering the guardian ad litem's testimony and report.

*Nolan* at ¶ 26.

{¶ 11} After reviewing mother's arguments, we find them without merit. While we agree that neither Sup.R. 48 nor Loc.Juv.R. 4 contains any exception that the seven-day rule does not apply when the final report contains the same recommendations as an earlier report, and agree that the termination of parental rights is of utmost gravity, we adhere to the well-established tenet acknowledged by mother that the Rules of Superintendence are only internal housekeeping rules that do not create substantive rights in individuals or procedural law, and they do not have the force of law.

{¶ 12} With respect to *Nolan*, we find that case inapposite and does not provide binding or persuasive precedent for the present case. The court in *Nolan* found that "[b]ecause Sup.R. 48 does not have the force of law, we limit our holding to the specific facts of this case. That is, we do not intend to create a bright-line rule regarding the

minimum standards of Sup.R. 48(D)(13). Instead, based on the unique facts of this case, we find that the guardian ad litem failed to adequately investigate the Child's situation." *Id.* at ¶ 27. Thus, why *Nolan* is unpersuasive in the present case is two-fold: (1) the court in *Nolan* limited its holding to the specific and unique facts of that case, and (2) the facts and issues pertinent in *Nolan*—the minimum standards of Sup.R. 48(D)(13) and the GAL's failure to adequately investigate the child's situation—are not at issue in the present case. Thus, we find *Nolan* does not aid mother's argument here with respect to the seven-day requirement in Sup.R. 48(F)(1)(c).

{¶ 13} Several courts have addressed the seven-day filing requirement in Sup.R. 48(F)(1)(c). In *M.T.*, the father argued the trial court denied his due process rights to the care, custody, and management of his child when it considered the GAL's report, which was filed four days before the hearing date, in contravention of Sup.R. 48(F)(1)(c). The court of appeals found no error. The court reasoned the parties had all received a copy of the GAL's report. The court found father did not show any prejudice or explain how he was unable to offer an adequate defense due to the untimely filing. The court noted the report was ten double-spaced pages and not voluminous. The court also found that "[p]erhaps most importantly for purposes of due process, the GAL testified. Father's counsel had the opportunity to and did cross-examine the GAL. The GAL's testimony was consistent with and essentially duplicative of much of the content of the report." *Id.* at ¶ 48. The court further found there was no indication in the record or in father's argument on appeal that any particular portion of the report caused father to be unprepared to oppose the agency's PCC motion.

{¶ 14} In *B.J.*, the mother argued that her due process rights were violated when the juvenile court considered the GAL's recommendations and allowed the trial court to go forward even though the GAL's report was filed only three days before trial, in contravention of Sup.R. 48(F)(1)(c). In reviewing the matter under the plain-error standard, the trial court found no error. The court concluded the GAL was present at the PCC hearing and was therefore subject to cross-examination by mother as to his report and recommendation. The court also concluded mother's due process rights were not violated by the late filing of the GAL's report. The court explained due process requires notice and the opportunity to be heard, and mother had notice of the GAL's report and

was given the opportunity to be heard on the contents of the report. Specifically, mother was given the opportunity to cross-examine the GAL as to his report and recommendation at the permanent custody hearing.

{¶ 15} In *In re M.S.*, 8th Dist. No. 102127, 2015-Ohio-1847, the father argued, inter alia, that the trial court erred in proceeding with the permanent custody hearing because the GAL's report was filed only three days before the hearing instead of seven days before the hearing as specified in Sup.R. 48 and Loc.Juv.R. 20 of the Court of Common Pleas of Cuyahoga County, Juvenile Branch. However, the court rejected the argument, finding there is nothing in the record to suggest the father was prejudiced by the GAL's untimely submission of the report. The court explained that although the father claimed he lacked adequate time to prepare for cross-examination of the GAL, he failed to identify any new or surprising information in the GAL's report that he was not fully prepared to address. The court noted the father had the opportunity to review the report before the hearing and an opportunity to cross-examine the GAL regarding his report and recommendation at the hearing.

{¶ 16} In *In re E.W.*, 3d Dist. No. 14-10-31, 2012-Ohio-308, the mother argued the trial court erred when it allowed the GAL to testify and offer a recommendation when he did not submit a report prior to the dispositional hearing or the final custody hearing. Proceeding under a plain-error standard, the appellate court found no error in allowing the GAL to testify, finding that mother cross-examined the GAL at the hearing and failed to demonstrate how she was prejudiced by the GAL's failure to file a written report or the GAL's testimony.

{¶ 17} Although the report in *M.T.* was filed four days prior to the hearing, and the reports in *B.J.* and *M.S.* were filed three days prior to the hearing, while the reports here were filed only two days before the hearing, several of the same considerations from the above cases are relevant here. In the current case, mother has not shown how she was unable to present an adequate defense. The GAL's report was only four double-spaced pages long and contains no surprising revelations. The report could be easily digested in the two days between its filing and the hearing. Importantly, as in the above cases, the GAL here testified at the hearing. Mother's counsel had a full and fair opportunity to cross-examine the GAL. Mother does not claim the GAL testified any differently than

recommended in the report, and, at the hearing, the GAL referred to the second report as a "supplement" that contained the same recommendations as the first report. As these cases demonstrate, contrary to mother's argument that the GAL should not have been permitted to testify due to the untimely filing of her report, it is the testimony and cross-examination of the GAL that actually cures the untimely filing. Mother also does not assert that any particular portion of the report caused father to be unprepared to oppose FCCS's PCC motions. Although mother does claim that, if the GAL had timely filed her report, she could have used the additional days to communicate with the GAL and demonstrate her progress, she fails to detail what she might have communicated or any progress she would have reported to the GAL during this period. Worthy of note is that, in *E.W.*, the court found no error in letting the GAL testify when, in that case, the GAL did not file any report at all prior to the hearing. Here, filing the reports two days before the hearing did not constitute a violation of mother's due process rights. For the foregoing reasons, we find the trial court did not err when it did not continue the hearing a second time and allowed the GAL to testify at the hearing regarding her recommendations. Therefore, we overrule mother's assignment of error.

{¶ 18} Accordingly, mother's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

_____