**[Cite as *Aaron v. Supreme Court of Ohio*, 2024-Ohio-5616.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Frieda Aaron et al., | : | |
| Plaintiffs-Appellants, | : | No. 24AP-232 |
| | | (Ct. of Cl. No. 2023-00728JD) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| The Supreme Court of Ohio, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 26, 2024

**On brief:** *Phillip F. Cameron* for appellants. **Argued:** *Alan Statman.*

**On brief:** *Dave Yost*, Attorney General, *Lauren D. Emery,* and *Stacy Hannan* for appellee. **Argued:** *Lauren D. Emery.*

APPEAL from the Court of Claims of Ohio

EDELSTEIN, J.

{¶ 1} Plaintiffs-appellants, Frieda Aaron et al., appeal from a judgment of the Court of Claims of Ohio granting summary judgment in favor of defendant-appellee, The Supreme Court of Ohio. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} Appellants are hundreds of individuals who have filed medical negligence claims against Dr. Atiq Durrani in Ohio courts. Appellants allege their cases were all designated as complex litigation and none of their cases were resolved within 36 months from the date of filing. The Rules of Superintendence for the courts of Ohio provide that the judge assigned to a case designated as "complex litigation * * * shall have thirty-six months from the date of the filing to terminate the case." Sup.R. 42(C).

{¶ 3} On September 26, 2023, in case No. 2023-00632JD, appellants filed their initial complaint alleging appellee committed "intentional negligence" by "not resolving through trial 580 claims against fleeing felon, Dr. Atiq Durrani, under Rule 42(c)" ("initial complaint"). (Mot. for Summ. Jgmt., Ex. A.) Appellants noted their claims against Dr. Durrani were "filed in 2013 and none of them were timely resolved or have not been resolved at all after ten years." (Mot. for Summ. Jgmt., Ex. A.)

{¶ 4} Appellee moved to dismiss appellants' initial complaint pursuant to Civ.R. 12(B)(6) for failing to state a claim upon which relief could be granted. On November 14, 2023, the court granted appellee's motion and dismissed appellants' initial complaint. The court explained intentional negligence was "not a cognizable cause of action under Ohio law" and Sup.R. 42(C) did not "create substantive rights for an individual." (Mot. for Summ. Jgmt., Ex. B, Nov. 14, 2023 Decision at 5.) As such, the court found appellants could prove no set of facts entitling them to recovery.

{¶ 5} On November 27, 2023, in case No. 2023-00728JD, appellants filed another complaint alleging appellee committed "negligence" (rather than intentional negligence) by "not resolving through trial 580 claims against fleeing felon, Dr. Atiq Durrani, under Rule 42(c)" ("subsequent complaint").[1] (Compl., Ex. 2.) Appellants again noted their claims against Dr. Durrani "were filed in 2013 and none of them were timely resolved or have not been resolved at all after ten years." (Compl., Ex. 2.)

{¶ 6} On December 20, 2023, appellee moved for summary judgment asserting that res judicata barred appellants' subsequent complaint. Appellee supported its motion for summary judgment with copies of appellants' initial complaint and the court's November 14, 2023 decision and entry dismissing the initial complaint pursuant to Civ.R. 12(B)(6).

{¶ 7} On January 3, 2024, appellants filed a response to appellee's motion for summary judgment. Appellants stated that, because their initial complaint alleged a claim

---

[1] Appellants attached a December 18, 2017 complaint they filed in the U.S. District Court for the Southern District of Ohio to both their initial and subsequent complaints. (Compl., Ex. 6; Mot. for Summ. Jgmt., Ex. A.) In their federal complaint, appellants alleged that, on August 7, 2013, "Dr. Durrani was indicted by the Federal Government for performing unnecessary surgeries and for defrauding the Medicare and Medicaid programs." (S.D.Ohio Compl. at ¶ 21.) Appellants further alleged that, in December of 2013, Dr. Durrani "fled the United States and sought refuge in his native Pakistan, where he now lives and works." (S.D.Ohio Compl. at ¶ 22.) Appellants noted that Dr. Durrani has not returned to the United States to face either his criminal or civil trials. (S.D.Ohio Compl. at ¶ 23.)

for intentional negligence, and their subsequent complaint alleged a claim for negligence, "the issue[] of negligence was never litigated" in the first action. (Pls.' Resp. to Mot. for Summ. Jgmt. at 2.) As such, appellants claimed res judicata did not bar their subsequent complaint. Appellee filed a reply in support of its motion for summary judgment on January 8, 2024.

{¶ 8} On January 26, 2024, the court issued a decision and entry granting appellee's motion for summary judgment. The court found appellants' subsequent complaint involved the same parties as appellants' initial complaint, the subsequent complaint raised "claims that were or could have been litigated" in the initial action, and the subsequent complaint arose "out of the transaction or occurrence that was the subject" of the initial complaint. (Decision at 6.) The court determined that "[c]laim preclusion therefore applie[d]" to appellants' subsequent complaint and found appellee entitled to judgment in its favor as a matter of law. (Decision at 6.)

## II. Discussion

{¶ 9} Appellants appeal from the trial court's entry granting appellee's motion for summary judgment. However, appellants' brief does not contain a statement of assignments of error for this court to review. App.R. 16(A)(3) requires an appellant to include in their brief a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." "Assignments of error are vitally important because appellate courts determine each appeal 'on its merits on the assignments of error set forth in the briefs under App.R. 16.' " *JP Morgan Chase Bank, N.A. v. Cloyes*, 10th Dist. No. 20AP-107, 2021-Ohio-3316, ¶ 10, quoting App.R. 12(A)(1)(b). Because this court rules on assignments of error, not mere arguments, without assignments of error, we have nothing to review. *Hamid v. Univ. Manors, Ltd.*, 10th Dist. No. 20AP-74, 2021-Ohio-2115, ¶ 16; *Ward v. Ward*, 10th Dist. No. 20AP-381, 2021-Ohio-2571, ¶ 6.

{¶ 10} As such, a court of appeals has the authority to dismiss an appeal that fails to set forth assignments of error. *Kemba Fin. Credit Union v. Covington*, 10th Dist. No. 20AP-487, 2021-Ohio-2120, ¶ 8, citing *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5. *See Cloyes* at ¶ 14; *Covington* at ¶ 11. Nevertheless, we may overlook this shortcoming and address the merits of the present appeal. *See Deutsche Bank Natl. Trust Co. v. Vigue*, 10th Dist. No. 16AP-816, 2017-Ohio-7037, ¶ 8; *State v.*

*Burke*, 10th Dist. No. 02AP-677, 2002-Ohio-6840, ¶ 4; *Asamoah* at ¶ 5-6.  In the interests of justice, we elect to review appellants' arguments in the present case.

{¶ 11} Appellants contend the trial court erred by granting appellee's motion for summary judgment based on res judicata.  An appellate court reviews a grant of summary judgment under a de novo standard.  *Capella III, LLC v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001).  "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal quotations and citations omitted.)  *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9.   Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations. Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 12} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).  If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment.  *Id*.  If the moving party satisfies its initial burden, summary judgment is appropriate unless the nonmoving party responds, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial.  *Id*.; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).  Because summary judgment is a procedural device used to terminate litigation, it must be awarded with caution and all doubts must be resolved in favor of the nonmoving party.  *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 13} The doctrine of res judicata "promotes principles of finality and judicial economy by preventing endless relitigation of an issue upon which there was already a full or fair opportunity to be heard."  *State v. Jama*, 10th Dist. No. 11AP-210, 2012-Ohio-2466,

¶ 45, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18. Res judicata "encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, ¶ 6. *Accord Saha v. Research Inst. at Nationwide Children's Hosp.*, 10th Dist. No. 12AP-590, 2013-Ohio-4203, ¶ 23. The trial court granted appellee summary judgment based on claim preclusion; the court did not address issue preclusion.

{¶ 14} "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *O'Nesti* at ¶ 6, citing *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998). Claim preclusion applies when: (1) there was a prior valid judgment on the merits, (2) the present action involves the same parties as the prior action (or the parties in the present action are in privity with the parties in the prior action), (3) the present action raises claims that were or could have been litigated in the prior action, and (4) both actions arise out of the same transaction or occurrence. *Daniel v. Williams*, 10th Dist. No. 13AP-155, 2014-Ohio-273, ¶ 18, citing *Dehlendorf v. Ritchey*, 10th Dist. No. 12AP-87, 2012-Ohio-5193, ¶ 12. Thus, "[w]here a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter." *O'Nesti* at ¶ 6, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). *Accord State ex rel. Schachter v. Ohio Public Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, ¶ 27. Whether the doctrine of res judicata applies in a case is a question of law subject to de novo review. *Arth Brass & Aluminum Castings, Inc. v. Ryan*, 10th Dist. No. 07AP-811, 2008-Ohio-1109, ¶ 7.

{¶ 15} Appellants contend their initial complaint "was not dismissed with prejudice and was not a final and appealable order." (Emphasis omitted.) (Appellants' Brief at 7.) Thus, appellants appear to assert the court's dismissal of their initial complaint pursuant to Civ.R. 12(B)(6) was not a prior valid judgment on the merits. When a trial court dismisses an action pursuant to Civ.R. 12(B)(6), and the court's entry "is silent as to prejudice," the dismissal constitutes "an adjudication on the merits." *Byg v. Lynch*, 5th Dist. No. 03CA45, 2003-Ohio-7290, ¶ 14. *Accord State ex rel. O'Donnell v. Vogelgesang*, 91 Ohio App.3d 585, 588 (12th Dist.1993) (stating that, because the court's entry dismissing

the action pursuant to Civ.R. 12(B)(6) "fail[ed] to specify that it constitute[d] anything but an adjudication on the merits," the dismissal "operate[d] as an adjudication on the merits"); *Euclid v. Weir*, 10th Dist. No. 77AP-958, 1978 Ohio App. LEXIS 10727, *4 (June 27, 1978) (finding the court's dismissal of a third-party complaint under Civ.R. 12(B)(6) "operate[d] as an adjudication on the merits," because the court's entry did not indicate the dismissal was without prejudice). *See also Mayrides v. Franklin County Prosecutor's Office*, 71 Ohio App.3d 381, 383 (10th Dist.1991); Civ.R. 41(B)(3).

{¶ 16} The court's November 14, 2023 decision granting appellee's Civ.R. 12(B)(6) motion did not specify whether the dismissal was with or without prejudice. Accordingly, the dismissal constituted an adjudication on the merits.

{¶ 17} Appellants claim the court erred by granting appellee summary judgment based on res judicata because the "issue[] of negligence was never litigated" in their initial action. (Appellants' Brief at 5-6.) However, " 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit.' " (Emphasis sic.) *Grava* at 382, quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69 (1986). "The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990), citing *Rogers* at 69. Appellants' initial and subsequent complaints involved the same parties and both actions arose out of the same transaction or occurrence, i.e., the hundreds of medical negligence cases filed against Dr. Durrani that were not resolved within 36 months. Accordingly, appellants *could have* raised their claim for negligence premised on a violation of Sup.R. 42(C) in their initial complaint. As such, the court did not err by finding claim preclusion applicable to appellants' subsequent complaint.

{¶ 18} Appellants lastly contend that the circumstances of the present case warrant an exception to the doctrine of res judicata. (Appellants' Brief at 10.) "The binding effect of res judicata has been held not to apply when fairness and justice would not support it." *State ex rel. Estate of Miles v. Piketon*, 121 Ohio St.3d 231, 2009-Ohio-786, ¶ 30. Thus, the doctrine of res judicata " 'should be qualified or rejected when its application would contravene an overriding public policy or result in a manifest injustice.' " *AJZ's Hauling, L.L.C. v. Trunorth Warranty Programs of N. Am.*, 174 Ohio St.3d 241, 2023-Ohio-3097,

¶ 18, quoting *Jacobs v. Teledyne, Inc.*, 39 Ohio St.3d 168, 171 (1988). *See Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491 (2001), quoting *Grava* at 386 (Douglas, J., dissenting) (emphasis sic) (stating the doctrine of res judicata "is to be applied in particular situations as fairness and justice require, *and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice*").

**{¶ 19}** While exceptions to res judicata "may apply in some extraordinary situations," courts generally will not find an exception to the doctrine "when the parties had a full and fair opportunity to be heard on an issue, the trial court issued a final, appealable order determining that issue, the parties failed to pursue a direct appeal or other available remedies to challenge that court's order," and the record contains no evidence of "bad-faith acts" by the parties. *AJZ's Hauling, L.L.C.* at ¶ 18-19. *See also Natl. Amusements, Inc.* at 62-63, citing Friedenthal, Kane & Miller, *Civil Procedure*, 656, Section 14.8 (1985); *Thyroff v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 15AP-1043, 2016-Ohio-4634, ¶ 34. Appellants had the opportunity to raise their negligence claim in their initial complaint and the record contains no evidence of bad faith acts by the parties. As such, appellants have not convinced this court the application of res judicata would be unjust in the present case.

**{¶ 20}** Moreover, appellants' claims for intentional negligence and negligence were both premised on appellee's alleged failure to ensure the actions against Dr. Durrani terminated within 36 months from filing pursuant to Sup.R. 42(C). However, "the Rules of Superintendence are only internal housekeeping rules that do not create substantive rights in individuals or procedural law, and they do not have the force of law." *In re S.S.*, 10th Dist. No. 17AP-681, 2018-Ohio-1249, ¶ 11. *See, e.g., In re K.G.*, 9th Dist. No. 10CA0016, 2010-Ohio-4399, ¶ 11 (noting "Ohio appellate courts have indicated that the Rules of Superintendence are general guidelines for the conduct of the courts and do not create substantive rights in individuals or procedural law"); *State v. Gettys*, 49 Ohio App.2d 241, 243 (3d Dist.1976); *Sultaana v. Giant Eagle*, 8th Dist. No. 90294, 2008-Ohio-3658, ¶ 45. Accordingly, appellants did not have any substantive rights under Sup.R. 42(C).

**{¶ 21}** In their brief, appellants note the maxim "[j]ustice delayed is justice denied." (Appellants' Brief at 2.) Appellants are unquestionably entitled to have their day in court and, for some appellants, that day is long overdue. However, the present action was not the appropriate avenue for appellants to obtain the relief they seek. Because res judicata barred

appellants' subsequent complaint, the court properly granted appellee's motion for summary judgment. Appellants' arguments in the present appeal are without merit.

## III. Conclusion

{¶ 22} Based on the foregoing, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

MENTEL, P.J. and DORRIAN, J., concur.

_____